IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUN -9  AM 10: 24

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| William M. Schmalfeldt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: No. 1:15-cv-01241-RDB |
| | ) | |
| Patrick G. Grady, | ) | |
| | ) | |
| Defendant | ) | |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(B)(2)

NOW COMES Defendant Patrick G. Grady in the above styled case for the sole purpose of filing this motion to dismiss for lack of personal jurisdiction without waiving any rights of jurisdiction, notice, process, service of process, or venue, and prays that this honorable court issue an order dismissing the above-captioned matter for lack of personal jurisdiction in the District of Maryland. In support of this motion Mr. Grady states as follows:

### I.
### THE DISTRICT OF MARYLAND MAY ONLY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT UNDER THE AUTHORITY OF THE APPROPRIATE STATE LONG-ARM STATUTE

For this honorable Court to be the proper forum for the instant lawsuit, jurisdiction must be in the state of Maryland. It is not. The instant lawsuit consists entirely of claims under state law, asserted under diversity of citizenship under 28 U.S.C. § 1332 with Plaintiff claiming residence in Maryland and correctly alleging that Mr. Grady resides in Illinois.

Because of this, the question of whether this Court can exercise personal jurisdiction over Mr. Grady is determined by the exact same standards as it would in any Maryland state court. In

other words, where Maryland state law controls the cause of action, it also controls jurisdiction (so long as it is consistent with the Federal Constitution). "[A] federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of jurisdiction is consistent with constitutional due process." *Nichols v. G.G. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993) (internal quotation marks omitted). While Maryland's long-arm statute is interpreted so that it does not reach beyond the limits allowed by due process, in *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 892 A.2d 479, 493 n.6 (Md. 2006), the Maryland Court of Appeals made it clear that its long-arm statute was not coextensive with the scope of jurisdiction permitted by the Due Process Clause of the Fourteenth Amendment. Therefore, Plaintiff's assertion of personal jurisdiction over Mr. Grady must be consistent with both due process and Maryland state law.

In terms of the Maryland long-arm statute (MD. CODE Cts. & Jud. Proc. § 6-103), the only claim that Plaintiff makes that bears on the question of jurisdiction is that "the terror and harassment and other allegations in this complaint occurred in Maryland" and complaints of some kind of interference with Maryland courts that he never substantiates. Compl. ¶7. However, these are conclusory allegations not entitled to a presumption of truth. *See e.g. Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("It is the conclusory nature of respondent's allegations ... that disentitles them to the presumption of truth.") In terms of the more specific allegations of the complaint, Plaintiff is consistently silent on where anything is happening. There is no allegation that Mr. Grady was in Maryland when he allegedly posted these statements on the Internet, and common sense says he probably wasn't. Indeed, Plaintiff repeatedly fails to tell this Court where *he* is when he feels the injury. But even if we assume he was in Maryland when suffered the injury, he has not established that the case arises out "an act or omission in the State" under § 6-103(b)(3)

or that Mr. Grady has a business relationship with the state as required by § 6-103(b)(4), or any other basis of jurisdiction.

Meanwhile, under the due process clause, a court's exercise of jurisdiction over a nonresident is lawful if the defendant has "minimum contacts" with the forum, such that requiring the defendant to defend his interests in that state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "The minimum contacts test requires the plaintiff to show that the defendant 'purposefully directed his activities at the residents of the forum' and that the plaintiff's cause of action 'arise[s] out of' those activities." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). As will be established herein, Plaintiff has not even alleged that Mr. Grady has had such contacts. Accordingly, there cannot be jurisdiction under the long-arm statute or under due process, and this case should be dismissed.

A.      **Plaintiff Has Failed to Plead a Single Fact Supporting Maryland Jurisdiction Over Defendant Pursuant to Md. Code Cts. & Jud. Proc. § 6-103**

What is most stunning in Plaintiff's claims is that he never tells this Court where anything is occurring. Where is Mr. Grady when he allegedly writes these articles?[1] Where is

---

[1] Plaintiff appears to be saying one thing to this Court, and a different thing to another. Plaintiff has also filed suit against "Paul Krendler" in Howard County Circuit court, in the case of *Schmalfeldt v. Hoge*, et al., No. 13C15102498 (Md. How. Co. Cir. Ct. 2015). In a June 3, 2015 hearing, the same Plaintiff stated that he did not know who "Paul Krendler" is while attempting to argue that he didn't know whether "Paul Krendler" had any connection to Maryland. This echoes the compliant in that case which states that Paul Krendler is "anonymous" and "lives in parts unknown." However in *this* case he has stated with certainty before this Court that Mr. Grady *is* Paul Krendler. See, e.g. ¶ 2 (stating that Mr. Grady had "adopt[ed] a pseudonym of Paul Krendler"). This would seem to be a per se violation of Fed. R. Civ. P. 11(b)(3), meriting sanctions.

Plaintiff when he reads it? Where is he when he suffers his alleged injury? The closest he comes

to informing this Court is by alleging in Compl. ¶7 that

> the Plaintiff resides in Maryland, the terror and harassment and other
> allegations in this complaint occurred in Maryland, and, as will be alleged,
> GRADY attempted to interfere in a proceeding taking place in a Maryland
> courtroom.

The first problem with those allegations is that they are conclusory and not entitled to any

presumption of truth. Further, these claims are not relevant. This case is not about some unnamed

"terror," or "harassment" or any unlawful interference with any court proceeding. Making a joke,

for instance, that Mr. Schmalfeldt is so fat that he needs to be transported to court with a forklift

and a flatbed truck (Compl. ¶18, p. 18) is not "interference" with the operations of a court (and

parody is constitutionally protected expression anyway, *Hustler Magazine, Inc. v. Falwell*, 485

U.S. 46 (1988)).

Beside these conclusory and irrelevant allegations, Plaintiff never alleges where anyone

is when anything is happening. Even if it is assumed that Mr. Grady wrote the parodies at issue

in Illinois (or thereabouts) and assuming that Schmalfeldt read them and suffered injury in

Maryland, Plaintiff still has failed to meet any of the elements of Maryland's long-arm statute.

The Maryland long-arm statute (MD CODE Cts & Jud. Proc. § 6-103) sets forth several

conditions that must be met to trigger the statute and provide authority for the State to exercise

jurisdiction over out-of-state residents.  The only two subsections that are even implicated by

Plaintiffs allegations are § 6-103(b)(3) where it states jurisdiction will lie against a defendant

who "[c]auses tortious injury in the State by an act or omission in the State;" and § 6-103(b)(4)

which allows for jurisdiction over a person who

> [c]auses tortious injury in the State or outside the State by an act of
> omission outside the State if he regularly does or solicits business, engages
> in any other persistent course of conduct in the State or derives substantial

revenue from goods, services, or manufactured products used or consumed in the state.

Plaintiff has failed to plead even one fact, nor even a conclusory allegation, that addresses, much less meets, the elements of either subsection.

In relation to subsection (b)(3), the Fourth Circuit has ruled that subsection (b)(3) can confer personal jurisdiction only if Plaintiff's tortious injury *and* Defendant's allegedly tortious acts took place in Maryland. "Courts have held that this subsection requires that both the tortious injury and the tortious act must have occurred in Maryland." *Dring v. Sullivan*, 423 F. Supp. 2d 540, 546 (D. Md. 2006) (collecting cases). Applied to this case, the allegedly tortious act occurred when Mr. Grady allegedly published the offending statements. Plaintiff makes absolutely no allegations as to where that occurred, and common sense tells this Court that Mr. Grady probably wasn't regularly making trips from Illinois to Maryland just to publish something on the Internet. Accordingly, Plaintiff has failed to demonstrate that § 6-103(b)(3) applies to Mr. Grady.

Meanwhile, subsection (b)(4) will allow this Court to exercise jurisdiction over acts committed outside of the state if and only if the defendant

regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services or manufactured products used or consumed in the State.

Plaintiff has failed to allege any element of that, and in truth, Mr. Grady doesn't do business in Maryland. Therefore, Plaintiff has failed to allege jurisdiction under subsection (b)(4).

Because Plaintiff has alleged tortious actions according to Maryland state law, but has failed to plead any single fact to support a finding that Maryland could properly exercise jurisdiction over Defendant pursuant to MD. CODE Cts. & Jud. Proc. § 6-103, jurisdiction does

5

not lie against Mr. Grady in the state of Maryland.   Accordingly, the complaint should be dismissed for lack of proper jurisdiction.

**B.    The Due Process Clause Does Not Allow Jurisdiction to be Based Solely on Writings on the Internet to the World at Large**

The entirety of this case is based on Internet writing. In fact, the gist of the complaint is that Mr. Grady, allegedly writing under the pseudonym "Paul Krendler," made fun of Plaintiff in obviously satirical posts which no one would mistake for a newspaper article. This is the only activity that Mr. Grady is alleged to have done: place things on the Internet satirizing Plaintiff— but addressed to the world at large—that Plaintiff doesn't like. Plaintiff makes no attempt to claim that Mr. Grady has conducted business in the state of Maryland, has real estate in Maryland or even that he has ever set foot in Maryland. He simply claims that Mr. Grady has published tortiously false information on the Internet, to the world at large, causing Plaintiff unspecified harm.

Thus, a Maryland state court—and by extension, a federal court sitting in a diversity case—can only exercise personal jurisdiction in a diversity action if such writings on the Internet constituted sufficient "minimum contacts" to justify this exercise of jurisdiction. However, the Fourth Circuit held that "placing information on the Internet is not sufficient by itself to subject[] that person to personal jurisdiction in each State in which the information is accessed." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 399 (4th Cir. 2003) (citation and internal quotation marks omitted).  Therefore, this Court may exercise personal jurisdiction over a nonresident defendant when he "(1) directs activity into the [forum] State, (2) with the manifest intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS*

*Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). The contacts alleged in this case aren't enough to meet this test.

For instance, *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002) presents facts similar to this case in nearly every relevant respect. That case involved two Connecticut newspapers (and members of their respective staffs) that ran a corresponding website, which published articles allegedly defamatory of a Virginia prison warden. That plaintiff attempted to argue that Virginia could exercise jurisdiction over these Connecticut residents as follows:

> the [defendants], knowing that [the plaintiff, the warden of a Virginia prison] was a Virginia resident, intentionally discussed and defamed him in their [newspaper] articles, (2) the newspapers posted the articles on their websites, which were accessible in Virginia, and (3) the primary effects of the defamatory statements on [the plaintiff's] reputation were felt in Virginia.

*Id.* at 261-62. However, the *Young* court found this was insufficient because there was no evidence of any intent to target a Virginia audience:

> As we recognized in *ALS Scan*, "a person's act of placing information on the Internet" is not sufficient by itself to "subject[] that person to personal jurisdiction in each State in which the information is accessed." [293 F.3d] at 712. Otherwise, a "person placing information on the Internet would be subject to personal jurisdiction in every State," and the traditional due process principles governing a State's jurisdiction over persons outside of its borders would be subverted. Id.

315 F.3d at 263. By the *Young* standard, there is nothing before this Court allowing it to determine that the posts at issue were meant specifically for a Maryland audience, compared to a national or even a global audience. Thus, Mr. Grady's alleged conduct fails prongs (1) and (2). The blogs where Mr. Grady is alleged to have posted are available anywhere in the world, not just Maryland. That Plaintiff accessed them from Maryland (if he did) is insufficient for personal jurisdiction. See *Carefirst*, 334 F.3d at 399.

Plaintiff has not pleaded any fact with respect to the originating location of the alleged tortious posts and comments. Logic suggests that if Mr. Grady truly made them, it probably would have been in Illinois where he lives and works. Therefore, this Court does not have jurisdiction over this matter, and the lawsuit should be dismissed.

## CONCLUSION

WHEREFORE, Mr. Grady asks the Court to DISMISS this instant lawsuit for improper jurisdiction pursuant to the Fed. R. Civ. P. 12(b)(2) and for other such relief as it may deem just and proper.

Date: 8 June, 2015

Respectfully submitted,

Patrick G. Grady, *pro se*
1103 Chesapeake Ct
Palatine, Illinois 60074
(847) 269-6948
patrick.g.grady@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 8th day of June, 2015, I served a copy of this Motion on William M. Schmalfeldt by First Class U.S. Mail.

Patrick G. Grady