_____ FILED        _____ ENTERED
_____ LOGGED    _____ RECEIVED

JUN 1 5 2015

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY                                          DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

**WILLIAM M. SCHMALFELDT, SR.**
**Plantiff *(Pro Se)***

v.                                    **Case No. 1:15-cv-01241ϕ-RDB**

**PATRICK G. GRADY**
***Defendant (pro-se)***

## PLAINTIFF'S REPLY TO DEFANDANT'S MOTION TO DISMISS

NOW COMES Pro-Se Plaintiff William M. Schmalfeldt, Sr., to ask this honorable Court

to deny Defendant Grady's motion to dismiss on the grounds that it fails to give an

adequate rationale for this Court not having personal Jurisdiction over him.

Defendant's motion is a thinly disguised effort by Grady to insult Plaintiff personally

in a court filing, and to insult this Court's authority and intelligence.

### JURISDICTION AND VENUE

As clearly stated in Plaintiff's complaint, this Court has subject matter

jurisdiction pursuant to 28 USC § 1332 (diversity question) as Plaintiff lives in

Maryland and Defendant lives in Illinois and the matter in controversy exceeds the

sum or value of $75,000. This Court also has supplemental jurisdiction over

Defendant under 28 USC  § 1367(a) which covers supplemental jurisdiction over

causes of actions based on state law.

Plaintiff also clearly stated in his original complaint that venue is proper in

the District of Maryland under 28 USC § 1391 in that the Plaintiff resides in

Maryland and the torts alleged by plaintiff were suffered by plaintiff in the state of

Maryland.

This Court's personal jurisdiction over the defendant is established by

Maryland's "Long Arm" Statute,, which reads in pertinent part:

> (b) In general. -- A court may exercise personal jurisdiction over a person, who directly or by an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> *Md. COURTS AND JUDICIAL PROCEEDINGS Code Ann. § 6-103*

Defendant does indeed transact business in the State of Maryland. Exhibit A

is an agreement between Grady's "Paul Krendler" persona and WJJ Hoge III of

Westminster, Maryland by which Hoge "purchased" the "world book and e-book

rights" to a portion of a blog post written by Grady's "Krendler" persona.

Exhibit B is Plaintiff's forensic analysis of the redacted portion of the

agreement, showing that the $5 sent by WJJ Hoge was sent to "Grady's" home

address of 1103 Chesapeake Ct. Palatine, IL.

The ""Thinking Man's Zombie" website, created by Grady's "Krendler"

persona was created specifically for the purpose of harassing the Plaintiff. He

solicits and collects donations from Maryland residents.

Plaintiff intends to prove at trial that Grady contracted with an individual

living in Germantown, Maryland, to forward a letter to Hoge's address in

Westminster, Maryland with the purpose of supplying forged evidence in Hoge's

2

attempt to find Plaintiff in contempt of court for a previous peace order in Carroll County, Maryland.

Many of Grady's most loyal correspondents on his website claim to live in Maryland.

## DEFENDANT'S MOTION IS SPURIOUS AND FRIVOLOUS

Defendant says in his brief that Plaintiff's case is based entirely of claims under 28 USC §1332. That is incorrect, as plaintiff also cites 28 US § 1367 (a) and 28 USC § 1391. As these statutes do not assist Defendant's motion, he chooses to ignore them.

Defendant asserts that Plaintiff never says where he was or where defendant was when the alleged torts were inflicted on Plaintiff. As Plaintiff stated in his original complaint at Para. 3., he has suffered from Parkinson's disease for 15-years. Plaintiff doesn't go anywhere he does not have to. Plaintiff states that for each of his allegations, he was in the State of Maryland.

As Plaintiff does not have a GPS device attached to Mr. Grady's ankle, Mr. Grady may well have been in Maryland, or Illinois, or Hawaii for all Plaintiff knows. The defendant wrote the things he wrote wherever he was when he wrote them. The Plaintiff suffered the emotional distress, the false light invasion of privacy and the defamation per se in his little home in Elkridge, Maryland.

Defendant makes a ridiculous claim in the footnote of his MTD on Page 3. When Plaintiff filed his lawsuit against WJJ Hoge III, et al, he had not yet ascertained the identity of the pseudonymous "Paul Krendler." As Hoge has slowed down the proceedings in that case by filing motion after motion, Plaintiff has not had a chance

3

to file an amended complaint. However, in his original complaint, Plaintiff goes into great specificity as to how he knows Defendant is also "Paul Krendler," a fact ignored by Defendant in his MTD.

Plaintiff asks the Court to take judicial notice of the fact that Defendant does not deny that he is the pseudonymous "Paul Krendler," although a Motion to Dismiss would be a perfect place to make such a statement. Instead, he claims that Plaintiff claimed one of Grady's stupid, insipid and childish "fat jokes" is "interference in a court's action." That is not Plaintiff's claim. Plaintiff will prove in court that Defendant was instrumental in the delivery of a forged letter in a "Show Cause" Contempt of Court hearing orchestrated by WJJ Hoge III.

The paraphrased "Schmalfeldt is so fat he needs to be transported to court with a forklift and a flatbed truck" remark was originally written by Aaron Walker, under his Twitter handle, @AaronWorthing, a fired, unemployed attorney, who Plaintiff suspects may have written the Defendant's Motion to Dismiss. Plaintiff intends to ask Grady who wrote his brief under oath at the hearing Plaintiff is requesting for this motion and reply. **Ex. C.**

Aaron Walker and WJJ Hoge III are good friends. Walker attends nearly every legal proceeding involving Hoge, even though he does not have a license to practice outside of Virginia or Washington, DC. Plaintiff intends to join Walker to this lawsuit with the court's permission following the court's decision on this motion,

As WJJ Hoge III lives in Maryland, and he is in the capacity to hand-deliver documents to this court "as a personal favor" to Mr. Grady, and as Mr. Grady traveled all the way to Maryland for a Peace Order hearing he was not required to

attend because Plaintiff dismissed the charge, it is clear that Mr. Grady has sufficient

contacts in Maryland for the purposes of jurisdiction and venue.

Defendant makes the bewildering claim that the Due Process Clause does not

allow jurisdiction to be based solely on Writings to the Internet and the World

Beyond. That might be the case, if Plaintiff were asking this court to base its decision

on jurisdiction and venue based "solely" on Writing to the Internet and the World

Beyond. Again, Plaintiff asserts this court has jurisdiction and venue for the reasons

stated above, reasons that Defendant does not even attempt to address. Yet,

according to Defendant's own citation *ALS Scan Inc. v. Digital Serv. Consultants Inc.,*

293 F3d 704, 714 *4th Cir. 2002):

> **...we conclude that a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.**

This is precisely what we have in the instant case. Defendant, through his "Paul

Krendler" pseudonym, directed the activity of his "Thinking Man Zombie" website

and his secret "Members-Only" website into the State of Maryland, specifically for

the purpose of engaging with other people in this state and elsewhere who had their

own reasons to join Grady in his harassment of the Plaintiff, including WJJ Hoge III

of Westminster, Maryland, the same individual who claims he hand-delivered

Defendant's MTD to the Court "as a personal favor," with whom "Krendler" entered

into an flawed copyright  agreement, and these websites are intended for the sole

purpose of defaming, harassing, casting false light on and causing intentional infliction of emotional distress on Plaintiff.

Grady concludes his motion with a curious statement in which he does not deny making the alleged defamatory statements,, merely claiming that Plaintiff did not state where Defendant was – physically – located when he wrote the offending pieces.

## CONCLUSION

Defendant, other than showing his propensity to use a court filing to further insult the Plaintiff, has not demonstrated a single reason for this Court to dismiss this case. His curious failure to deny that he is the person responsible for writing the alleged defamatory statements is intriguing. Still, this Court should abide by precedent when ruling on Defendant's motion.

> *When ruling on a Rule 12(b)(2) motion to dismiss for lack of jurisdiction, "a plaintiff's version of the facts is taken as true." National Union Fire Ins. Co. v. Aerohawk Aviation, Inc., 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003)*

Mr. Grady would like to paint himself as a satirist. Mocking the impending death of your enemy's spouse is not satire. Calling Plaintiff a child molester, a child pornographer, a domestic abuser whose dying wife is a truck stop prostitute and an alcoholic, and a person infected with syphilis, is not satire.

Defendant's activities are nothing more that low-class, profane, insensitive, inhuman defamation, false light invasion of privacy, and intentional infliction of emotional distress.

**WHEREFORE, Plaintiff William M. Schmalfeldt, Sr. requests this court:**

DENY Defendant's Motion to Dismiss for lack of personal jurisdiction;

ORDER that Defendants either submit a proper answer to the original complaint, or concede his responsibility for the tortious activities.

All other such relief as the court may deem just and proper.

## HEARING REQUEST

Plaintiff asks this Court to schedule a hearing on Grady's motion at its earliest convenience.

Respectfully Submitted,

Dated: June 11, 2015

William M. Schmalfeldt, Sr. Pro Se
6636 Washington Blvd. Lot 71
Elkridge, MD 21075
bschmalfeldt@comcast.net
410-206-9637

## CERTIFICATE OF SERVICE

I certify that on this 11th Day of June, 2015, I served a copy of this pleading to Patrick G. Grady by first class mail.

William M. M. Schmalfeldt, Sr.