FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL -2  PM 12: 11

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

## UNITED STATES DISTRICTD COURT FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR<br>    6636 Washington Blvd., Lot 71<br>    Elkridge, MD 21075<br>    *Pro-Se Plaintiff* | |
| v. | Case # 1:15-cv-01241-RDB |
| PATRICK G. GRADY<br>    aka "Paul Krendler"<br>    1103 Chesapeake Ct.<br>    Palatine, IL 60074<br>    Co-defendant | |
| SCOTT HINCKLEY<br>    aka "Agiledog"<br>    31 Lawton Rd<br>    Shirley, MA 01464<br>    Co-defendant | |
| DAVID EDGREN, Esq.<br>    1150 S. Grantham Rd.<br>    Wasilla, AK 99654<br>    Co-defendant | |
| "ROY SCHMALFELDT"<br>    A pseudonymous blogger<br>    Co-defendant | |
| "GRACE" aka "GRACE3G"<br>    A pseudonymous blogger<br>    Co-defendant | |
| "ASHTERAH" aka "DREAD PIRATE ZOMBIE MORGANA"<br>    A pseudonymous blogger<br>    Co-defendant | |
| "HOWARD EARL"<br>    A pseudonymous blogger<br>    Co-defendant | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DEFAMATION, AND FALSE LIGHT INVASION OF PRIVACY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, JOINING CO-DEFENDANTS, JURY DEMAND

### INTRODUCTION

1. **NOW COMES** pro-se plaintiff William M. Schmalfeldt, Sr., ("plaintiff") with this first amended complaint to recover damages inflicted by Patrick G. Grady, ("defendant") and joining co-defendants Scott Hinckley, David Edgren, and four pseudonymous bloggers: "Roy Schmalfeldt" formerly known as "Leroy Oddswatch", "Grace" aka "Grace3g", "Howard Earl" and "Ashterah" aka "Dread Pirate Zombie Morgana" (co-defendants with pseudonymous bloggers to be identified via the subpoena process) for engaging in tortious conduct, including but not limited to Defamation, False Light Invasion of Privacy, Intentional Infliction of Emotional Distress and Conspiracy in violation of Maryland Law and Common Law.

2. The genesis of this conspiracy was February 8, 2014 when Defendant Grady ignored the clearly stated warning of Plaintiff on his then blog that any further profane, obscene or defamatory comments by anonymous commenters on his blog would be met by having the commenter's identity exposed on Plaintiff's blog. Defendant Grady sent a profane comment shortly thereafter and Plaintiff was able to track him through IP addresses, former blogs and other means to identify him as Patrick G. Grady.

3. In March 2014, Defendant Grady started a blog devoted to defaming Plaintiff. He first posted items he had posted on his other blogs under his own name, but eventually gave himself the pen name of "Paul Krendler."

4. In time, Grady's readership grew. He caught the attention of non-party WJJ Hoge III of Westminster, MD, and the two formed a business alliance when Hoge

purchased the "world book and e-book rights" to a particularly foul bit of defamation of plaintiff and his then-living wife. This relationship continues through this day, with non-party Hoge, a Maryland resident, providing legal assistance, advice, and hand-delivering Grady's court briefs to the Clerk of the Court. The original complaint included only Mr. Grady. Plaintiff hereby expands the complaint under F.R.C.P. 20(a)(2) to add four more defendants having identified anonymous personages since filing the original complaint.

## THE PARTIES

5. Defendant Patrick G. Grady resides in Palatine, in Cook County, Illinois. He is employed in some technical capacity at a company identified on his LinkedIn profile.

6. Co-defendant Christopher Hinckley resides in Shirley, MA. He co-owns and operates a training facility for dogs. He is a frequent commenter on the blogs of Mr. Hoge, Mr. Grady and Ms. Ashleigh under the handle "agiledog."

7. Co-defendant "Grace," aka "Grace3g" is a pseudonymous blogger to be identified through the subpoena process.

8. Co-defendant "Ashterah" aka "Dread Pirate Zombie Morgana", a pseudonymous blogger to be identified through the subpoena process who operates a blog at http://billysez.wordpress.com -- a blog completely dedicated to defaming Plaintiff.

9. Co-defendant "Roy Schmalfeldt" formerly known as "Leroy Oddswatch", a pseudonymous blogger to be identified through the subpoena process.

10. Co-defendant David Edgren, Esq., is a retired attorney residing in Wasilla, AK. He provides graphic assistance to Defendant Ashleigh on her blog.

11. Co-defendant "Howard Earl," a pseudonymous blogger claiming to live in Arizona, posts particularly filthy commentary about Plaintiff and Plaintiff's late wife.

12. Plaintiff William M. Schmalfeldt, Sr., is a recently-widowed 60-year old disabled person, living on a government pension in Elkridge, MD.

## JURISDICTION AND VENUE

13. Despite Defendant Grady's insulting and sarcastic motions to dismiss, Jurisdiction is proper in this court pursuant to 28 USC $1332 (diversity of citizenship) as Schmalfeldt lives in Maryland, Grady lives in Illinois, Hinckley lives in Massachusetts, Edgren lives in Alaska. The residences of the pseudonymous bloggers will be revealed through the subpoena process. The matter in controversy exceeds $75,000.

14. Jurisdiction is also applicable under 13 USC 1367(a) which covers supplemental jurisdiction over causes of action based on state law.

15. Once again, despite the snarky motions of Defendant Grady, venue is appropriate here under 28 USC § 1391 in that the harassment, emotional distress, false light invasion of privacy and all other allegations occurred to Plaintiff while residing in the State of Maryland. Plaintiff has opened a complaint with the Howard County Police against Defendant Grady, alleging extortion. (Case #15-62852) On June 30, Plaintiff sent an e-mail to Carroll County Police and WJJ Hoge III, He sent the same e-mail to Co-defendant Hinckley's wife. The e-mail contained a photo of Plaintiff's dying wife, taken on June 2. On July 1, Defendant Grady's blog contained an extortionate threat to spread the picture all over the Internet. This is an unpublished photo, sent to Mr. Hinckley, law enforcement, and Mr. Hoge. It is clear that either Defendant Hinckley or non-party Hoge sent the photo to Defendant Grady, who promised to flood the Internet with the photo

## STATEMENT OF FACTS

16. On information and belief, the defendant and co-defendants did conspire to commit the torts as alleged. By coordinating their activities on the Hogewash, Thinking Man's Zombie, and "Billy Sez" blogs, they were able to update each other on activities taken against the Plaintiff and the amount of harm they were able to inflict. As a result, there are three blogs used as a clearing house and meeting place where named and pseudonymous could target and attack, threaten and annoy Plaintiff.

## FIRST CAUSE OF ACTION – DEFAMATION (Per-Se)

17. In order to prove defamation, "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm. A defamatory statement is one 'which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.'" *Offen v. Brenner*, 402 Md. 191, 935 A.2d 719 (2007), quoting *Smith v. Danielczyk*, 400 Md. 98, 115, 928 A.2d 795, 805 (2007).

18. "In the case of words or conduct actionable per se, their injurious character is a self-evident fact of common knowledge of which the court takes judicial notice and need not be pleaded or proved. In the case of words or conduct actionable only per quod, the injurious effect must be established by allegations and proof of special damage and in such cases it is not only necessary to plead and show that the words or actions were defamatory, but it must also appear that such words or conduct caused

actual damage." *M & S Furniture v. De Bartolo Corp.*, 249 Md. 540, 544, 241 A.2d 126, 128

19. The defamation of defendants is per se in nature.

20. The plaintiff incorporates ¶¶8 through 10 of his original complaint as they apply to Defendant Grady.

21. Co-plaintiff Christopher Hinckley defamed Plaintiff on numerous occasions as demonstrated in EXHIBIT G.

22. Co-defendant "Grace" defamed Plaintiff by publishing untrue, defamatory statements about Plaintiff on Hogewash, Thinking Man's Zombie, and Billy Sez, as shown in EXHIBIT H.

23. Co-defendant Edgren defamed Plaintiff by using a copyrighted photo of Plaintiff – despite objections of Plaintiff, the copyright holder – to publish out-of-context snippets of Tweets made by Plaintiff, as shown in EXHIBIT I.

24. Co-defendant "Ashterah" defamed Plaintiff by publishing untrue, false, defamatory statements about Plaintiff on her "Billy Sez" blog, as shown in EXHIBIT J.

25. Co-defendant "Roy Schmalfeldt" has published multiple defamatory statements regarding plaintiff, including calling plaintiff a "rapist." EXHIBIT K.

26. Co-defendant "Howard Earl" has published multiple defamatory statements and images regarding plaintiff, referring to him as a wife abuser, demanding that he kill himself. EXHIBIT L

**SECOND CAUSE OF ACTION – FALSE LIGHT INVASION OF PRIVACY.**

27. Plaintiff re-alleges and incorporates every paragraph above.

28. Generally speaking, a false light claim requires the following:

6

a. The defendant **published the information widely** (i.e., not to just a single person, as in defamation);

b. the publication **identifies the plaintiff;**

c. it places the plaintiff in a **"false light" that would be highly offensive to a reasonable person;** and

d. the **defendant was at fault** in publishing the information.

*See Restatement (Second) of Torts § 652E.*

29. Plaintiff incorporates ¶¶ 14-23 of his original complaint as they related to Defendant Grady.

30. Co-defendant Scott Hinckley placed plaintiff in a false light by claiming Plaintiff was lying about his late wife's death on June 17.

31. Co-defendant Scott Hinckley placed plaintiff in a false light by claiming Plaintiff "loves podcasting more than he loved Gail."

33. Co-defendant Scott Hinckley placed plaintiff in a false light by claiming Plaintiff was a "Rectal Mouthpiece".

34. Co-defendant Scott Hinckley placed plaintiff in a false light by claiming Plaintiff was stalking defendants by keeping tabs on their comments about him online.

35. Co-defendant "Grace" placed plaintiff in a false light by claiming after Plaintiff's wife's death that Plaintiff had physically abused her.

36. Co-defendant "Ashterah" placed plaintiff in a false light by claiming in photo-shopped image of Plaintiff's late wife that Plaintiff was the cause of her suffering.

7

37. Co-defendant "Grace" placed plaintiff in a false light by claiming several times that Plaintiff is a "Deranged Cyberstalker" and only death would stop Plaintiff.

38. Co-defendant Edgren placed plaintiff in a false light, invading his privacy and right to publicity by publishing a daily feature on the "Billy Sez" website using a stolen, copyrighted photo of plaintiff and taking a portion of a Twitter comment made by plaintiff, out of context, to make plaintiff appear to be an evil monster.

39. Co-defendant "Ashterah" placed Plaintiff in a false light and invaded his privacy and right to publicity by falsely claiming Plaintiff *"has an odd fascination with "doxxing" women whose names start with Ash as well as those who live in North Carolina. Could there be a connection here? Is there a little girl from Biwwwyy's childhood with those two attributes who told him what a sack of shit he was that made him fixate in this manner? Who knows. This is the Tremulous Turd Burglar himself we are talking about. Eh! And now back to our regular interruption.*

40. Co-defendant "Ashterah" placed Plaintiff in a false light and invaded his privacy and right to publicity by falsely claiming Plaintiff *"William Schmalfeldt was a sick, twisted, depraved and mockable person before his wife died. He remains a sick, twisted, depraved and mockable person after she died. In fact, his whole schtick of using the shield of "oh, they are attacking a disabled person" that has now been amplified up to "oh, they are attacking a recently widowed disabled person" to deflect from the vile things he says on the internet is quite possibly the most disgusting thing we have seen in quite some while. And that is why we exist. As long as he continues to spread his filth far and wide, attack innocents just because he thinks they are some poster on the internet*

*that offended him, and do the generally vile things he does on a daily basis, we will be here."*

41. Co-defendant "Ashterah" placed Plaintiff in a false light and invaded his privacy and right to publicity by falsely claiming Plaintiff is bi-polar. *"Aha! There really aren't two Bills. Just one- Bipolar Bill. You can almost feel bad that someone can be so emotionally disturbed out in public. "I'll help you!" "I'll hurt you!" "I'll help you and I'll hurt you!" Did I mention the \*almost\* part of feeling bad?"*

42. Co-defendant "Roy Schmalfeldt" placed plaintiff in a false light and invaded his privacy with his libelous assertion that plaintiff had *"raped a person I loved."*

43. Co-defendant "Howard Earl" has a four-year long record of harassing plaintiff, placing him in false light, proclaiming him to be a wife abuser, publishing graphic images demanding plaintiff kill himself.

## THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff re-alleges and incorporates every paragraph above.

45. The elements for intentional infliction of emotional distress are: a. Conduct must be intentional or reckless; b. Conduct must be extreme and outrageous; c. There must be a causal connection between the wrongful conduct and the emotional distress. D. Emotional distress must be severe.

*See Harris v. Jones,* 380 A.2d 611, 614 (Md. 1977).

46. To be successful in a suit for intentional infliction of emotional distress,

the emotional stress must "completely violate human dignity." *Hamilton v. Ford Motor Co.*, 502 A.2d 1057, 1064 (Md. 1986).

47. Plaintiff incorporates ¶¶ 31-37 of his original complaint as they relate to Defendant Grady.

48. Co-defendant Hinckley did intentionally inflict emotional distress on Plaintiff by claiming that, despite Plaintiff's post on the subject, Plaintiff's wife was not really dead and the whole thing was a scam.

49. Co-defendant "Grace" did intentionally inflict emotional distress on Plaintiff by claiming that only death would stop Plaintiff from harassing people.

50. Co-defendant Hinckley did intentionally inflict emotional distress on Plaintiff by claiming that only death would stop Plaintiff from harassing people.

51. Co-defendant "Grace" did intentionally inflict emotional distress on Plaintiff by posting images of Plaintiff's wife as a decomposing corpse, before and after her death.

52. Co-defendant "Ashterah" did intentionally inflict emotional distress on Plaintiff by posting an avatar of a decomposing female corpse on the news that plaintiff's wife had died.

53. Co-defendant "Roy Schmalfeldt" did intentionally inflict emotional distress on Plaintiff by claiming Plaintiff to be a rapist on the two week anniversary of the death of plaintiff's wife.

54. Co-defendant "Howard Earl" did intentionally inflict emotional distress on plaintiff by posting images on plaintiff's Twitter timeline and the three above-mentioned blogs of people blowing their own brains out, demanding that plaintiff "Take the Cure"

for his Parkinson's disease, posting images of plaintiff's late wife as a victim of domestic abuse, referring to plaintiff' late wife as a prostitute and alcoholic.

## DAMAGES

55. The action of the defendants demonstrate an almost gleeful lack of regard for plaintiff's health or that of his wife. Defendants are certainly aware of the effect stress has on the progression of Parkinson's disease, and the emotional strain of seeing a perfect stranger mock his dying wife is are than Plaintiff can stand. This unbelievable malice toward an acknowledged handicapped person and his dying/deceased wife, the perverse gratification of causing this pain and suffering defendants exhibit, the malicious, ill-will, vengeance, spite and deliberate attempts to harm plaintiff, some demonstrated in this complaint, others to be evidenced by exhibits during trial.. Accordingly, Plaintiff will request an award for damages beyond and in excess of those damages necessary to compensate plaintiff for injuries caused by the defendants' obsessive attacks. No amount of money will compensate plaintiff for what the defendants put him and his wife through. Plaintiff hopes for a large enough award to discourage other would-be attack trolls from engaging in this sort of heinous behavior.

56. The law allows for several categories of to be awarded in the case of defamation per se. General damages: The compensation for the past and future harm sustained to reputation in the community as well as mental or emotional anguish and personal humiliation. Special damages: The compensation for specific economic loss caused by the defamation. This can include things like loss of profits and loss of a job. Nominal damages: A nominal sum that can be awarded when defamation per se has occurred but no serious harm to reputation was done. Punitive or exemplary damages:

11

Additional sums meant to punish or set an example when the defendant's actions were willful or malicious.

57. With defamation *per se,* assumed damages are generally available.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

Punitive damages as deemed appropriate by a jury to hold defendants accountable for their reckless, disturbing and bizarre defamation and to prevent further occurrences;

Compensatory damages and consequential damages in an amount of $500,000 from each defendant.

An order enjoining defendants from engaging in further harassment of Plaintiff;

Costs and fees incurred in the prosecution of this action; and

Any further relief as the Jury and/or Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a jury trial of all issues in this action triable as of right by a jury. Dated this 2nd day of July, 2015.

Respectfully Submitted

William M. Schmalfeldt, Sr,
6636 Washington Blvd. Lot 71
Elkridge, MD 21075
(410) 206-9637
E-mail: bschmalfeldt@comcast.net