FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL 10 AM 9:19

CLERK'S OFFICE
AT GREENBELT

BY ⟨BV⟩ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| William M. Schmalfeldt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: No. 1:15-cv-01241-RDB |
| ) | |
| Patrick G. Grady, ) | |
| ) | |
| Defendant ) | |

## MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendant Patrick G. Grady, without waiving any rights of jurisdiction, notice, process, service of process, or venue, hereby submits this Motion to Strike Plaintiff's Amended Complaint (ECF 13). In support of this motion, Mr. Grady states as follows:

### FACTS

1. Plaintiff filed his original Complaint (ECF 1) with this Court on April 29, 2015.

2. Plaintiff served his original Complaint on Mr. Grady on May 20, 2015. At that time, Mr. Grady was the sole defendant.

3. Mr. Grady filed a Fed. R. Civ. P 12(b)(2) Motion to Dismiss (ECF 7) on June 9, 2015. This motion is now fully briefed, with Mr. Grady's reply (ECF 12) having been filed on June 29, 2015.

4. Plaintiff filed his Amended Complaint (ECF 13) on July 2, 2015, twenty-three days after the motion was served.

5. The Amended Complaint was filed without Mr. Grady's consent and without the leave of the Court. And to avoid any possible ambiguity in this matter, Mr. Grady did not and does not consent to this amendment.

## I.
## THE AMENDED COMPLAINT SHOULD BE STRICKEN BECAUSE IT WAS FILED WITHOUT LEAVE OF COURT OR THE CONSENT OF MR. GRADY IN VIOLATION OF FED. R. CIV. P. 15(A)

6. Plaintiff was required to obtain either Mr. Grady's consent or leave from the court before amending his complaint. Rather than be bothered to follow the correct procedures, Plaintiff simply filed an amended complaint. For this reason alone, it should be stricken.

7. At the time Plaintiff filed his amended complaint, he no longer had the right to amend as a matter of course, as provided under Fed. R. Civ. P. 15(a)(1). First, under Fed R. Civ. P. 15(a)(1)(A) Plaintiff could have filed his amended complaint "within 21 days after serving" his original complaint. The original complaint was served on May 20, 2015. The amended complaint was filed on July 2, 2015, well outside that 21 day window. Therefore, Plaintiff cannot invoke Fed R. Civ. P. 15(a)(1)(A) to justify his conduct.

8. Nor can he justify his filing under Fed. R. Civ. P. 15(a)(1)(B). That subsection provides that a single amendment may be filed as a matter of course in the following time frame: "if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*" (Emphasis added). Applied to this case, Mr. Grady filed his Fed. R. Civ. P. 12(b)(2) Motion to Dismiss on June 9, 2015, and plaintiff filed his Amended Complaint on July 2, 2015, twenty-three days later. Therefore, he has missed his deadline to amend the complaint under Rule 15(a)(1)(B).

9. Plaintiff's failure to comply with any provision of Fed. R. Civ. P 15(a)(1), leaves him with one option. He can only fall back on Fed. R. Civ. P. 15(a)(2) which states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." This Court knows it has not granted leave to amend, and with this verified motion, Mr. Grady here and now informs this Court that he has not given his consent.

## II.
## THE AMENDED COMPLAINT SHOULD BE STRICKEN AS FUTILE BECAUSE IT DOES NOT ESTABLISH PERSONAL JURISDICTION OVER ANY DEFENDANT

10. Even if this Court were to proceed as if Plaintiff had properly filed a motion for leave to amend, such amendment should be denied because it is futile. As Your Honor explained in *Frontenac Int'l, S.A. v. Global Mktg. Sys.*, Civil Action No. RDB-13-00122 at 11, (D. Md., June 11, 2013) leave to amend "should be denied when amending the pleading would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," (internal quotation marks and citations omitted). The proposed amendment is an exercise in futility, if only because it fails to establish jurisdiction over Mr. Grady or any other defendant.

11. In his Motion to Dismiss (ECF 7) and Reply (ECF 12) Mr. Grady thoroughly catalogued how Plaintiff has failed to establish personal jurisdiction over Mr. Grady. In brief, Mr. Grady pointed out that:

   a. Writing allegedly defamatory statements on the Internet is not typically committed "in the state" (of Maryland) within the meaning MD CODE Cts & Jud. Proc. § 6-103(b)(3). Indeed, Maryland case law has even held that writing

allegedly defamatory letters out of state and sending them into Maryland was not sufficient to confer jurisdiction under the previous version of § 6-103(b)(3). *Zinz v. Evans and Mitchell Industries*, 324 A.2d 140, 22 Md.App. 126 (Md. App., 1974).

b. Plaintiff failed to establish that Mr. Grady "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, services, or manufactured products used or consumed in the state" as required by MD CODE Cts & Jud. Proc. § 6-103(b)(4).

c. While Plaintiff alleges a single five dollar transaction with a third party, he does not allege it occurred in the state of Maryland, and he does not allege that this case arises from that transaction, as Your Honor required in *Martynuska v. Nat'l Payment Relief, LLC Civil Action*, No. RDB-14-0265, at 12 (D. Md., Aug. 22, 2014) (citing MD CODE Cts & Jud. Proc. § 6-103(b)(1) and § 6-103(a)'s limitation on subsection (b)).

d. Even if Plaintiff had not failed to meet the requirements of the Maryland long arm statute, such an exercise of jurisdiction would still violate due process. There is neither specific jurisdiction established under *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002) nor general jurisdiction under Your Honor's ruling in *Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*, Civil Action No.: RDB-10-1932 (D. Md., April 24, 2012).

12. Plaintiff has alleged nothing in the Amended Complaint which attempts to address these shortcomings. He simply hopes to wish these problems away, writing in the Amended Complaint ¶ 13 that

> Despite Defendant Grady's insulting and sarcastic motions to dismiss, Jurisdiction is proper in this court pursuant to 28 USC $1332 [sic] (diversity of citizenship) as Schmalfeldt lives in Maryland, Grady lives in Illinois, Hinckley lives in Massachusetts, Edgren lives in Alaska. The residences of the pseudonymous bloggers will be revealed through the subpoena process.

This assertion is flawed. Even if there is subject matter jurisdiction in *a* federal court, it does not follow that there is personal jurisdiction in *this* Court. As the Fourth Circuit has noted in *Nichols v. GD Searle & Co.*, 991 F. 2d 1195, 1199 (4th Cir. 1993), "A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." Plaintiff's threadbare allegations in the Amended Complaint fail to meet the requirements of the Maryland long arm statute (MD CODE Cts & Jud. Proc. § 6-103) and the requirements of due process.

13. This is not only true with respect to Mr. Grady but also with respect to *every other defendant*. In fact, as little as Plaintiff alleges in respect to how this Court can exercise personal jurisdiction over Mr. Grady, he alleges still less with respect to the other defendants. As with the original Complaint, the Amended Complaint is concerned solely with things written on the Internet, and therefore, any alleged act or omission is committed in the state where it was written, not where it was read. As usual, Plaintiff doesn't bother to state where any of the defendants were when they wrote their supposedly tortious writings. For the named defendants, common sense dictates that they were likely in Alaska and Massachusetts, respectively, when they wrote their allegedly tortious statements. As for the pseudonymous defendants, Plaintiff has no idea where they wrote what they wrote, and appears to be even less interested in finding out, let

alone showing this Court. For all he knows, they could have been in China. It is Plaintiff's burden to establish personal jurisdiction over each and every defendant, and to say the Plaintiff has failed to establish it would be entirely correct, except doing so suggests that he actually tried.

14. This renders the present situation similar to that faced by Your Honor in *Frontenac Int'l, S.A. v. Global Mktg. Sys.*, Civil Action No. RDB-13-00122 (D. Md., June 11, 2013). There, this Court found that there was not sufficient jurisdiction over a company called Providence Shipping Corp., and, by extension, that there was no jurisdiction over its alleged alter egos. When the plaintiff in that case sought leave to amend, Your Honor examined the proposed amended complaint and concluded that "[i]n moving to amend its Petition, Frontenac does not allege facts which cure this Court's lack of personal jurisdiction over Providence." *Id.* at 13. Because of this failure, this Court concluded that the amendment "is futile and the Plaintiff's Motion for Leave to Amend is DENIED." *Id.* at 14.

15. Similarly here, none of the allegations against Mr. Grady rectify this Court's lack of jurisdiction over him, and Plaintiff does not allege facts sufficient to confer personal jurisdiction over any other defendant. For this reason alone, even if this Court were to treat Plaintiff as if he properly moved for leave to amend, such amendment would be futile. If this Court accepts this improperly Amended Complaint, it will be inevitably dismissed for lack of personal jurisdiction for all defendants, just as the original Complaint would be with respect to Mr. Grady.

## III.
## THE AMENDED COMPLAINT SHOULD BE STRICKEN AS FUTILE BECAUSE IT DESTROYS SUBJECT MATTER JURISDICTION

16.  Additionally, Plaintiff's amended complaint is futile because it destroys subject matter jurisdiction. As noted above, Plaintiff's sole attempt to answer the requirements of subject matter jurisdiction states:

> Despite Defendant Grady's insulting and sarcastic motions to dismiss, Jurisdiction is proper in this court pursuant to 28 USC $1332 [sic] (diversity of citizenship) as Schmalfeldt lives in Maryland, Grady lives in Illinois, Hinckley lives in Massachusetts, Edgren lives in Alaska. The residences of the pseudonymous bloggers will be revealed through the subpoena process.

As Your Honor noted in *Spell v. State Human Relations Comm'n*, Civil Action No. RDB-11-0803 at 4 (D. Md., 2011)

> "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005). The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva*, 366 F. Supp. 2d at 294 (quoting Richmond, 945 F.2d at 768).

> Generally, when considering a Rule 12(b)(1) motion to dismiss based upon lack of subject matter jurisdiction, courts should accept the plaintiff's well-pleaded allegations as true and construe the complaint in favor of the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Here, Plaintiff has failed to allege that subject matter jurisdiction exists. He has named four separate pseudonymous defendants without any allegation regarding which state

they are domiciled in. For all Plaintiff knows, they could be his next-door neighbors, or, at least, Maryland residents. He cannot say one way or another. Accordingly, Plaintiff cannot meet his burden to establish that this Court has subject matter jurisdiction under the proposed amended complaint, rendering it futile for that reason as well. Therefore, the Amended Complaint should be stricken.

## CONCLUSION

17. Plaintiff's amended complaint should be denied for the following reasons. First, by filing this untimely pleading without first securing leave from this Court or written consent from Mr. Grady, Plaintiff has violated every provision of Fed R. Civ. P 15(a). Second, amendment is futile because the Amended Complaint fails to establish personal jurisdiction over any defendant. Finally, the Amended Complaint actually destroys subject matter jurisdiction, rendering it futile for that reason as well. Therefore this Court should STRIKE Plaintiff's amended complaint, rule on the Rue 12(b)(2) motion and dismiss the case.

Date: 9 July 2015

Respectfully submitted,

*[signature]*

Patrick G. Grady, *pro se*
1103 Chesapeake Court
Palatine, IL 60074
(847) 269-6948
Patrick.G.Grady@gmail.com

## **VERIFICATION**

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*

Patrick G. Grady

## CERTIFICATE OF SERVICE

I certify that on 9 July 2015, I served a copy of this Motion on William M. Schmalfeldt by First Class U.S. Mail.

Patrick G. Grady