FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL 13  AM 10: 12

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

WILLIAM M. SCHMALFELDT,           )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )
                                  )
PATRICK G. GRADY, et al,          )
                                  )
    Defendants.                   )      Civil Action No. 1:15-cv-01241 RDB
_____   )

## OBJECTION TO ACCEPTANCE
## BY THE COURT OF AMENDED COMPLAINT
## AND MOTION TO STRIKE SAME
## AND RESCIND SUMMONSES

COMES NOW David Edgren, *pro per*, a named but not yet served defendant in this case,

having appeared specially and without conceding or waiving any right to include, without limit,

any right of jurisdiction, venue, due process, or service of process, and hereby objects to the

court's acceptance of Plaintiff's amended complaint filed in this action on July 2, 2015

(hereinafter, the "Amended Complaint") at ECF 13 and 14.  In that the objection involves this

court's and the federal court system's procedural requirements that are mandatory in nature and

based on manifest injustice and unfairness to the defendant parties, I move and request hereby

that the court strike the Amended Complaint and rescind the various summonses that were or

would be issued as a result of its filing.  My objection, restated motion, factual background,

applicable law, and argument are set forth following.

## OBJECTION

The Amended Complaint was filed by Plaintiff untimely in derogation of Fed. R. Civ. P. ("hereinafter "FRCP") 15, in that it was filed outside of the time period specified in FRCP 15 (a)(1)(B) and without either the then sole Defendant Patrick Grady's written consent or leave of court as required by FRCP 15(a)(2). Further, the Amended Complaint was not filed in accordance with this District's Local Rule (hereinafter "LR") 103.6a) and LR 103.6d), in that the Amended Complaint was not submitted in proposed form with a motion for leave to file and, as there was no such motion, there was no statement that the consent of Defendant Grady had been sought. The acceptance of the Amended Complaint by the court and subsequent issuance of the summonses to newly named defendants Scott Hinckley and myself, as well as other summonses that might yet be issued as a result of the acceptance to other defendants newly named in the Amended Complaint work both prejudice and injustice on myself and all the defendants, who have a right to expect that the court will follow its own rules and the FRCP. This prejudice and injustice is particularly egregious in light of questions concerning Plaintiff's *in forma pauperis* status and whether or not he is misjoining new defendants, which are addressed in the argument portion of this filing.

## MOTION

I move and request that this court, based on the facts, law, and for the reasons stated following strike the Amended Complaint and rescind the various summonses that were or would be issued as a result of its filing.

-2-

## FACTUAL BACKGROUND

Plaintiff, a resident of the State of Maryland, commenced this litigation, which alleges various state law personal injury claims, by filing his original complaint (hereinafter "Complaint") against Defendant Grady, a resident of the State of Illinois, on April 29, 2015. ECF 1.  With the Complaint, Plaintiff filed a motion to proceed on an *in forma pauperis* (hereinafter, "IFP") basis, alleging that he was indigent. ECF 2.   On May 5, 2015, the court granted Plaintiff's IFP motion (hereinafter "Current IFP Order") (ECF 3), this despite the fact that it, in an order signed by Your Honor, had denied a previous IFP motion by Plaintiff made about three months earlier in this court's Civil Action No. RDB-15-315. A copy of that order (hereinafter "IFP Denial Order") is at Exhibit "A" to this filing.  In the IFP Denial Order, Your Honor found as follows:

> Plaintiff does not appear to be eligible to proceed as an indigent since his financial information shows his monthly income of $ 2,421.83 exceeds his stated expenses. Additionally, he owns real estate estimated at $10,000 and a motor vehicle. He also maintains a checking account containing $2,075.00.

Exhibit "A," p. 1.  Plaintiff's IFP motion in this case only demonstrated *de minimus* changes in Plaintiff's financial circumstances over the preceding several months.  The court is urged to compare Plaintiff's motion to proceed IFP in Civil Action No. RDB-15-315, attached to this filing as Exhibit "B," with ECF 2.  No explanation for these seeming irreconcilable conclusions of the court was given in the Current IFP Order. *See* ECF 3. Following the approval of Plaintiff's IFP status in this case, the court issued a summons

for Defendant Grady (ECF 5) and that summons was returned served on Grady on May 20, 2015.  ECF 6.

On June 9, 2015, Defendant Grady filed a motion to dismiss this case under FRCP 12(b)(2) (hereinafter "Motion to Dismiss") asserting primarily that, since he was the lone defendant and since Plaintiff had asserted purely state law claims, this federal district court did not possess jurisdiction over him because the State of Maryland courts would have had no jurisdiction over him based on Grady's lack of contacts with that state.  *See* ECF 7.  Plaintiff filed an opposition to the Motion to Dismiss on June 15, 2015.  ECF 9. After seeking and being granted additional time to respond, Defendant Grady filed his reply to the opposition on June 29, 2015.  ECF 10-12.  As of the time of the making of this filing, Defendant Grady's motion to dismiss has not been ruled upon.

On July 2, 2015, twenty-three days after Defendant Grady filed the Motion to Dismiss, Plaintiff attempted to file the Amended Complaint.  This filing appears on the PACER docket with various attachments at ECF 13.  However, it appears that the clerk's office determined that Plaintiff had failed to prepare the "redline" copy of the Amended Complaint required under LR 103.6c) as this document is noted on the docket as being filed four days later on July 6, 2015.  The clerk's office then issued summonses to Defendant Hinckley and myself the following day, July 7, 2015.  ECF 15.

-4-

## APPLICABLE LAW

The FRCP Rule 15 requires that a plaintiff seeking to file an amended complaint as a matter of course must make that filing within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FRCP 15 (a)(1)(B). If an amended complaint cannot be filed as a matter of course, the Plaintiff is required to "amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15 (a)(2). The local rule of the Maryland District that applies to the filing of amended complaints, LR Rule 103.6, in addition to requiring a motion seeking leave of court to file (LR 103.6a)) and the aforenoted "redline" copy (LR 103.6c)) also requires that, prior to filing the motion seeking leave to file the amended complaint, the plaintiff must confer with the defendant as to whether the filing may be made on consent. LR 103.6d). The motion for leave then "shall state in the motion whether the consent of other counsel has been obtained." *Id.*

The rule in the Fourth Circuit, articulated in the recently decided case *U.S. v. Beckton*, is that *pro se* litigants are required to follow the court's substantive and procedural rules. *U.S. v. Beckton*, 740 F. 3d 303, 306 (4th Cir. 2014). In *Beckton*, the Fourth Circuit Court noted in supporting this rule the U.S. Supreme Court's opinion in *Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (explaining that self-representation is not a license to ignore "relevant rules of procedural and substantive law.").

## ARGUMENT

The FRCP rules are promulgated by the U.S. Supreme Court. 28 U.S. Code § 2072.
Unlike the civil procedure rules in many states, there is no provision in the FRCP that allows for
their general relaxation or being dispensed with altogether, as is the case in states such as, e.g.,
Alaska.

> These rules are designed to facilitate business and advance justice. They may be
> relaxed or dispensed with by the court in any case where it shall be manifest to the
> court that a strict adherence to them will work injustice.

Alaska R. Civ. P. 94.  In short, the FRCP rules are mandatory in nature, and the federal trial
courts have limited ability to deviate from them.  *See* FRCP Rule 1 (These rules *govern* the
procedure in all civil actions and proceedings in the United States district courts,.... They should
be construed and administered to secure the just, speedy, and inexpensive determination of
every action and proceeding.) (*emphasis added*).

When this court simply disregarded the FRCP and the LR in allowing Plaintiff to file the
Amended Complaint, it did the following things:

1.     The court extended the time allowed under FRCP 15 (a)(1)(B) for Plaintiff to file
without requiring leave of court by two days[1], but disregarded the procedure for extending time

---

[1]   And, arguably, six days, because Plaintiff did not comply with LR 103.6c) when he originally
sought to file the Amended Complaint on July 2nd.

established in FRCP Rule 103.6 which would have required Plaintiff to submit a motion asserting "excusable neglect" and for the court to find "good cause" for extending the time[2].

    2.    Alternatively, the court ignored the need for a Plaintiff to file a motion seeking leave of court[3] to file a non-matter of course amended complaint as required by FRCP 15 (a)(2).

    3.    The court denied Defendant Grady the opportunity afforded by the rule to consider whether he would have consented to Plaintiff's filing of the Amended Complaint. *See* FRCP 15 (a)(2) and LR 103.6d).

    4.    The court improvidently issued subpoenas bringing two (and ultimately potentially six) new defendants into the case thus at least short-circuiting FRCP 20, the rule regarding permissive joinder.


These are not simply non-substantive failings, as is demonstrated by consideration of what was lost as a result of the court's error in not following the rules:

    1.    The court lost the opportunity to become fully informed, either through the late filing of a motion to extend time demonstrating excusable neglect as to why Plaintiff was unable to comply with the applicable rules or through the filing of a motion by Plaintiff seeking leave to file the Amended Complaint on a non-matter of course basis, in making a determination as to

---

[2]  This motion presumably would have subsumed the motion required by LR 103.6a).

[3]  *See* n. 2, *supra*.

whether Plaintiff had made the minimum showing that would allow acceptance of the Amended Complaint.  Arguably, the court's act in accepting the Amended Complaint is an abuse of discretion.

2.     Defendant Grady lost the opportunity to grant or deny consent to Plaintiff under the applicable rules in connection with the filing of the Amended Complaint.

3.     Most significantly Defendant Grady and potentially the new defendants named in the Amended Complaint lost the opportunity to raise objections in the form of oppositions to a duly noticed motion by Plaintiff seeking the acceptance of the Amended Complaint.  In Defendant Grady's regard, it is likely he would have argued in his opposition that the court, by accepting the Amended Complaint in the manner that it did, in effect ruled *sub silentio* on the Motion to Dismiss in denying it.  This is hardly fair to Defendant Grady, as the Motion to Dismiss was fully briefed on June 29, 2015, and thus was ripe for ruling, and Plaintiff's Amended Complaint was not first filed until several days later, and that filing was not complete until a week later.  The various defendants were also denied an opportunity to raise an issue that should be of significant concern to the court: that being Plaintiff's substantial expansion of litigation in which he has the significant advantage of pursuing on, so to speak, the government's dime, from one to now seven defendants.  The court would have heard about Plaintiff's numerous threats on the Internet to those he doesn't like for one reason or another to join them in this litigation, which he apparently believes he can do free of the economic considerations that temper non-IFP litigants' choices.  *See Camp v. Oliver,* 798 F.2d 434 (11th Cir.1986) (*In*

-8-

*forma pauperis* status is a privilege, not a right, granted by the federal courts.); *see also Carter*

*v. Thomas,* 527 F.2d 1332 (5th Cir.1976); *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969);

*Williams v. Field,* 394 F.2d 329 (9th Cir.1968), *cert. denied,* 393 U.S. 891, 89 S.Ct. 213, 21

L.Ed.2d 171 (1968). *See, e.g.,* screen captures of Internet postings by the Plaintiff attached at

Exhibit "C"[4]. The court would have been made aware of the significant improvement in

Plaintiff's economic situation since the death of his wife on June 17, 2015, in that Plaintiff has

announced on the Internet that he has life insurance proceeds coming and that he intends to

liquidate (as Plaintiff suffers from Parkinson's Disease, he does not drive) the vehicle he listed

on his IFP affidavits. *See, e.g.,* screen captures of Plaintiff's Internet postings attached at

Exhibit "D" and an informal transcription of a portion of an Internet podcast made by Plaintiff

on July 6, 2015, attached with the online link at Exhibit "E"[5]. Plaintiff has said on the Internet

that he is going to use the proceeds from the sale of the car to hire counsel and engage in more

---

[4]  I, in preparing this filing, personally cut and pasted the screen captures into the pertinent exhibit page. I either secured the screen captures from Plaintiff's original postings on the Internet or from archives of such postings. The latter was necessary on a number of occasions, as Plaintiff has a long-standing habit of deleting any Internet content he creates over which he retains the control to do so after several weeks. It will be demonstrated to the court in further proceedings in this case that Plaintiff does this in particular to avoid direct scrutiny of his Internet content when it becomes involved in litigation.

[5]  I have personally listened to the relevant podcasts created by Plaintiff and assert that the informal transcripts I have submitted as exhibits to this motion are true and accurate to the best of my knowledge and belief. I think it is likely that the Plaintiff will seek to delete, if it is possible, the online podcasts noted in the link on each exhibit. I have downloaded and created archival copies of the entire podcast should this become the case.

.

litigation. *See, e.g.,* a screen capture of an Internet posting by Plaintiff attached at Exhibit "F" and an informal transcription of a portion of an Internet podcast by Plaintiff on July 6, 2015, attached with the online link at Exhibit "G." It is noted that Plaintiff, on sale of the vehicle, will also save the amounts noted on his IFP motion filed in this case that he currently expends for title and registration, auto insurance, fuel and maintenance. *See* ECF 2. The size of Plaintiff's household has also been reduced by one member due to the death of his spouse on June 17, 2015,[6] and another member, Plaintiff's stepson, contributes one-half the rent and expenses[7]. *See* a screen capture of an Internet posting by Plaintiff concerning the death of his spouse attached at Exhibit "I" and a screen capture of an Internet posting by Plaintiff re the contribution to household expenses by the stepson attached at Exhibit "J." An informal transcription of an Internet podcast made by Plaintiff on July 6, 2015, concerning the stepson's ongoing contribution to rent and other household expenses is attached with the online link at Exhibit "K." Plaintiff did not note the economic contribution of the stepson in either IFP motion he has

---

[6] Plaintiff, apparently reflexively, accuses anyone who refers to his wife's death in any manner as being out of line, and sometimes in the most vile and threatening terms. *See, e.g.,* Internet screen captures attached as Exhibit "H." The undersigned has lost immediate family members in the past year and feels sad for Plaintiff, but that is human decency and has nothing to do with allowing Plaintiff to gain an improper advantage in this litigation.

[7] This situation has been ongoing since at least October 27, 2014 (See screen capture of Twitter post made by Plaintiff under the Twitter "handle" "@liberalgrouchCD" on that date). I assert that this date is true and correct in that I have seen the original of the post in the context of a much larger archive of Plaintiff's now deleted Twitter account under that handle, and would testify to such in this court under oath supported by producing the entire archive.

filed with this court this year. *See* Exhibit "A" and ECF 2. Plaintiff has not yet reported these improvements in his economic situation to the court. At least one federal district court in the Maryland District has ruled, in a holding cited by a number of other courts on the IFP revocation issue, that IFP litigants are required to notify the court in the event of such an improvement. *See Holsey v. Bass*, 519 F. Supp. 395, 410 (D. Md. 1981); *see also Assaad-Faltas v. University of South Carolina*, 971 F. Supp. 985, 987 (D. S.C. 1997) (citing *Holsey*); *Murphy v. Jones*, 801 F. Supp. 283 (E.D. Mo. 1992) (citing *Holsey*).

This court would have also heard from Defendants as to their belief that Plaintiff's Amended Complaint, to the extent that it seeks to add new Defendants, does not pass muster under FRCP Rule 20. This rule sets out a two part test for joining new defendants into an existing action.

> (a) Persons Who May Join or Be Joined.
>   (1) ....
>
>   (2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

FRCP Rule 20(a)(2). While Plaintiff has at least on the surface arguably alleged causes of action fitting the requirement established in subparagraph (2)(B), he has not done the same with regard to the first part of the test set out in (2)(A). What he has done, in this defendant's view, is

gaggle together in his Amended Complaint a bunch of individual, independent actors undertaking a bunch of individual, independent actions that Plaintiff just happens not to like. He pleads absolutely nothing in either the original complaint or in the Amended Complaint that support his assertion that each defendant has caused him to suffer the one-half million dollars in damages that he seeks. *See Nagy v. FMC Butner*, 376 F.3d 252, 257 (4th Cir. 2004) (when filing complaints litigants are wise to seek a realistic amount of damages if they wish to retain credibility with the court) I can predict, at least in my own right with a high degree of certainty, that there will be motions by the defendants asserting misjoinder under FRCP Rule 21 if the Amended Complaint is allowed to stand.  Plaintiff has alleged no conspiracy, which is just as well because there isn't one.  He's simply trying to engage in mass tort litigation on the cheap, and it ought to offend this court's sensibilities.

The court should, based on the foregoing, strike the Amended Complaint and rescind the various summonses that were or would be issued as a result of its filing.  Plaintiff should then be directed to return to the court with further such filings when he is prepared to comply with the rules of federal procedure and of this district.

DATED at Wasilla, Alaska this 11th day of July, 2015.

David R. Edgren, *pro per*
1150 S. Grantham Rd.
Wasilla, Alaska  99654
(907) 355-5697
davidredgren@gmail.com

-12-