FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL 17 AM 11: 38

CLERK'S OFFICE
AT GREENBELT

BY ___BV___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| William M. Schmalfeldt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: No. 1:15-cv-01241-RDB |
| | ) | |
| Patrick G. Grady, et al | ) | |
| | ) | |
| Defendants | ) | |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(B)(2)

NOW COMES Defendant Patrick G. Grady, without waiving any rights of jurisdiction, notice, process, service of process, or venue, with this motion to dismiss Plaintiff's Amended Complaint (ECF 13) and prays that this honorable court issue an order dismissing the above-captioned matter for lack of personal jurisdiction in the District of Maryland. In support of this motion Mr. Grady states as follows:

### I.
### THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Mr. Grady hereby incorporates by reference his entire Motion to Dismiss (ECF 7) and his entire Reply (ECF 12) which were filed on June 9, 2015 and June 29, 2015, respectively. Additionally, Mr. Grady incorporates ¶ 12 of his Motion to Strike the Amended Complaint (ECF 16). Summarizing all these pleadings, Mr. Grady points out that

1. Plaintiff has failed to meet the requirements of showing that personal jurisdiction is proper under any section of the Maryland long arm statute MD CODE Cts. & Jud. Proc. § 6-103; and

2. Even if Plaintiff had met the requirements of the Maryland long arm statute, such an exercise would still violate due process. Specific jurisdiction has not been established under *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002), nor has general jurisdiction under Your Honor's ruling in *Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*, Civil Action No.: RDB-10-1932 (D. Md., April 24, 2012).

Plaintiff has repeatedly argued that Maryland jurisdiction is proper. He has been equally persistent in his failure to show *how* this is appropriate or even possible.

Moreover, by incorporating a select few paragraphs from his Original Complaint (ECF 1), Plaintiff alleges still less now with respect to personal jurisdiction than he did in his original complaint or his opposition to Mr. Grady's first Motion to dismiss (ECF 7). If jurisdiction could not be established based on the prior set of alleged facts, there is no way that it could now be established afresh based on a reduced set of the same allegations. If Plaintiff were interested in establishing personal jurisdiction, he would not be removing claims from his complaint. Further, Plaintiff's clear aversion to making any proper allegation over which this court may exercise personal jurisdiction (beyond the wishful but fruitless recitation of statute) is not limited to Mr. Grady; if anything, Plaintiff's failure to show not just minimum but *any contacts at all* with the state of Maryland for any other defendant is even more damning. Because Plaintiff shows nothing regarding the new defendants respecting personal jurisdiction, Mr. Grady's arguments respecting the exercise of personal jurisdiction apply to them even more forcefully. For this

reason, the Amended Complaint should be dismissed not only with respect to Mr. Grady but, in the name of judicial economy, for all other defendants as well.

## II.
## THE AMENDED COMPLAINT DESTROYS SUBJECT MATTER JURISDICTION

Here Mr. Grady incorporates by reference ¶ 16 of his Motion to Strike the Amended Complaint (ECF 16) and notes that Plaintiff has destroyed subject matter jurisdiction by adding anonymous parties. Further, he has failed to allege that subject matter jurisdiction exists. He has named four anonymous defendants without alleging in which state any of them is domiciled. For all this Court knows, they could be his next door neighbors. He has not said where they reside and likely cannot do so. As such, Plaintiff cannot meet his burden to affirmatively show that this Court has subject matter jurisdiction over all defendants under his Amended Complaint. For this reason, the Amended Complaint must be dismissed.

## CONCLUSION

WHEREFORE, Mr. Grady asks the Court to DISMISS this Amended Complaint for improper jurisdiction pursuant to the Fed. R. Civ. P. 12(b)(2) and for other such relief as it may deem just and proper.

Date: July 16, 2015                                  Respectfully submitted,

                                                     /s/ Patrick G. Grady

                                                     Patrick G. Grady, *pro se*
                                                     1103 Chesapeake Ct
                                                     Palatine, Illinois 60074
                                                     (847) 269-6948
                                                     patrick.g.grady@gmail.com

## CERTIFICATE OF SERVICE

I certify that on July 16, 2015, I served a copy of this Motion on William M. Schmalfeldt by First Class U.S. Mail.

Patrick G. Grady