IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>PATRICK G. GRADY, et al )<br>)<br>Defendants ) | Civil Action No. 1:15-cv-01241RDB |

## PLAINTIFF'S RESPONSE TO DEFENDANT GRADY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(B)(2)

COMES NOW Plaintiff William M. Schmalfeldt, Sr, Pro Se, to reply to Defendant Grady's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Jurisdiction Under FRCP 12(b)(2). (ECF 21)

### DISCUSSION

1. Defendant Grady has filed four briefs with this court without filing an answer to even the original complaint (ECF 1) filed April 29, 2015. Although the summons issued by this court gives the defendants 21 days from receipt of summons to file a responsive pleading. Grady's response to Plaintiff's Original Complaint was due June 10, 2015. Now, 38 days after June 20, we find ourselves still without an answer to the complaint.

2. Defendant Grady cites Fed. R. Civ. P. 12(b)(2) in his claim that this Court lacks personal jurisdiction over him. The elements of personal jurisdiction are spelled out in Fed. R. Civ. P. 4(k):

(k) Territorial Limits of Effective Service.

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

(B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or

(C) when authorized by a federal statute.

3.  Defendant Grady has been served with a summons in accordance with Fed. R. Civ. P. 4(k)(1). He is subject to the jurisdiction of a court of general jurisdiction in Maryland as he has regular contacts with individuals in the state of Maryland (Ex. A) Defendant sends copies of his filings to WJJ Hoge III of Westminster, Maryland, who boasts of hand-delivering the briefs to this Court. As his alter-ego, "Paul Krendler", Grady is a co-copyright holder with Mr. Hoge. The copyright certificate (Ex. B) lists "Krendler's" home address as 20 Ridge Road, Westminster, Md.; same as Mr. Hoge. Grady's blogging is nearly entirely devoted to attacking Plaintiff, a resident of Maryland.

4.  The Federal Statute authorizing personal jurisdiction is the Federal Diversity Statute, 28 USC § 1332.

5.  Plaintiff's reading of Rule 12(a)(1)(A)(i) is that the defendant must file a responsive pleading within 21 days of service of summons.

6   Plaintiff's reading of Rule 12(b) shows nothing that removes or alters the defendant's requirement to file a responsive pleading within 21 days. Defendant Grady needed less than a week from receipt of summons to file his MTD (ECF 7).

Plaintiff replied to the MTD with his response five days later (ECF 8). Defendant Grady sought and was granted a one-week extension to file his reply to Plaintiff's response (ECF 10 and 11). He filed his reply (ECF 12) on June 29, one day before Defendant Grady alleges Plaintiff's time to file an amended complaint would toll.

7    Now, 38 days after the filing of Grady's responsive pleading was due, Plaintiff still awaits the filing of a responsive pleading as required by Rule 12(a)(1)(A)(i).

8.    Even assuming Defendant Grady's accounting of days and limits is accepted by this Court, according to Rule 15(c)(1)(A)(B)(C) the amended complaint relates back to the original date of filing the original complaint, which in this case is April 29, 2015, rendering Defendant Grady's argument about the time limit for amended the complaint moot.

9.    Grady asserts that Plaintiff has not met the requirements of MD CODE Cts. & Jud. Proc. § 6-103, which states in relevant part:

> (a) Condition. -- If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.
>
> (b) In general. -- A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services, or manufactured products in the State

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

10. Defendant Grady must have overlooked the portion of the statute that says "If jurisdiction over a person is based **solely** upon this section..."(emphasis added) Plaintiff has shown that this Court has Subject Matter Jurisdiction, Venue and Personal Jurisdiction over defendant.

11. Plaintiff wonders why Defendant Grady feels the need to send his briefs to Mr. Hoge for him to hand deliver to the Court. He is certainly aware of the address of the Clerk of Courts, and the copies of his filings show up at Plaintiff's address without the assistance of Mr. Hoge, who has boasted on his Hogewash blog that he and Mr. Aaron Walker, an attorney licensed in Washington, D.C. and Virginia, not Maryland, personally hand-delivered Grady's most recent filing to the Court. This requires a 160-mile round trip drive for Mr. Walker, who resides in Manassas, VA; and an 80-mile round trip for Mr. Hoge, who resides in Westminster. If either Hoge or Walker are writing the briefs for Mr. Grady, they are guilty of practicing law in Maryland without a license.

12. Defendant Grady's assertion that Plaintiff's amended complaint destroys the Subject Matter Jurisdiction is not supported by any law. The reason the

anonymous defendants are "anonymous" is because Plaintiff does not know where they live with certainty, nor their addresses. If any do, in fact, reside in Maryland, this court can entertain a motion to sever them from this lawsuit. Plaintiff intends to ascertain their names and whereabouts during the subpoena process.

## CONCLUSION

WHEREFORE, for the reasons enumerated above, this Court should DENY the DENY Defendant Grady's Motion to Strike Plaintiff's First Amended Complaint

FURTHERMORE, the Plaintiff asks this Court to order Defendant Grady to appear for a "show cause" hearing as to whether or not Mr. Hoge and/or Mr. Walker are writing his pleadings for him, and then if that turns out to be true, why he should not be sanctioned for allowing the unlicensed practice of law in his name.

FURTHERMORE, Plaintiff respectfully requests that the Court rule that Defendant GRADY has missed his 21-day window to file a responsive pleading and grant summary judgment on Plaintiff's claim against Defendant Grady.

Dated this 20th Day of July, 2015              Respectfully Submitted

                                               _____
                                               William M. Schmalfeldt, Sr., Pro Se
                                               6636 Washington Blvd. #71
                                               Elkridge, MD 21075
                                               (410) 206-9637
                                               Email bschmalfeldt@comcast.net

## CERTIFICATE OF SERVICE

I certify that on July 20, 2015, I served a copy of this motion to Defendant Patrick G. Grady by First Class US Mail.

*[signature]*

William M. Schmalfeldt, Sr.