IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PATRICK G. GRADY, et al, ) | |
| ) | |
| Defendants. ) | Civil Action No. 1:15-cv-01241 RDB |
| ) | |

**ORDER ON
MOTION TO DISMISS WITH PREJUDICE
[ECF 19]**

THE COURT, having considered the motion by Defendants David Edgren and Scott Hinckley, who have not yet been served but who have appeared specially before the court *pro per*, to dismiss this case with prejudice as to all of Plaintiff's claims against all defendants, named and pseudonymous, and Plaintiff's response and said defendants' reply, and having thus become fully informed in the premises of the matters raised in the motion, now makes and enters the following findings of fact and conclusions of law:

<u>FINDINGS AND CONCLUSIONS</u>

1. Plaintiff admitted on October 27, 2014, that his stepson Thomas J. Balcerak ("Balcerak") was paying, on and about that date, rent to Plaintiff and his spouse and helping with other household expenses.

2. Plaintiff offered nothing in his response to address this admission except for his statement that Balcerak only began to split rent and expenses on and after June 17, 2015, the date of the death of Plaintiff's spouse. The court finds this statement by Plaintiff to be self-serving and incredible in light of his previous contemporaneous admission.

3. The court finds that Plaintiff was receiving a non-*de minimus* amount of rent and other financial contributions to his household expenses from Balcerak on and about April 29, 2015, the date that Plaintiff submitted his motion to proceed *in forma pauperis* to this court.

4. The court finds that these payments by Balcerak were material contributions to Plaintiff's financial situation at the time Plaintiff's motion to proceed *in forma pauperis* was submitted and that, as such, they were required to have been included in the motion.

5. Plaintiff has filed or been a party to at least three prior actions before this court in the year prior to the filing of his motion to proceed *in forma pauperis* in this case and filed motions to proceed *in forma pauperis* in two of them.

6. Plaintiff, as a result, has gained a familiarity with both the rules of this court and in particular with the rules governing the making of motions to proceed *in forma pauperis* that is greater than the average *pro per* litigant appearing before this court.

7. The court finds that Plaintiff's omission of the financial contributions made by Balcerak from his motion to proceed in forma pauperis were a willful and purposeful act on the part of the Plaintiff and were omitted for the purpose of misleading the court as to his true economic circumstances.

8.   Because Plaintiff did not provide accurate information about his economic circumstances on his motion to proceed *in forma pauperis*, and because the court finds that the omitted information was material, 28 U.S.C. § 1915(e)(2)(A) requires dismissal of this case.

9.   Because Plaintiff provided inaccurate information on his *in forma pauperis* motion for the purpose of misleading the court, it is appropriate to dismiss this case with prejudice as to all of his claims against all of the defendants, named and pseudonymous.

HAVING MADE AND ENTERED its Findings of Fact and Conclusions of Law, and based upon same, NOW; THEREFOR

## ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1.   The motion to dismiss this case with prejudice filed by Defendants Edgren and Hinckley is GRANTED.

2.   This case is DISMISSED WITH PREJUDICE as to all of Plaintiff's claims as to all defendants, named and pseudonymous.

3.   Notwithstanding the forgoing, this case shall be left open for the sole purpose of Plaintiff appearing and showing cause as to why he should not be subject to sanctions granted by the court pursuant to the order entered in this case granting Defendants Edgren and Hinckley's Motion for Show Cause (ECF _____).

4.   The court reserves its order re costs and attorney's fees until following the date of the show cause hearing.

ENTERED this _____ day of _____, 2015.

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE