FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 JUL 30 AM 10: 32
CLERK'S OFFICE
AT GREENBELT
BY ⎯⎯ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK G. GRADY, et al, <br><br> Defendants. | Civil Action # 1:15-cv-01241-RDB |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT DAVID EDGREN'S AND, BY ADOPTION, DEFENDANT SCOTT HINCKLEY'S MOTION TO TERMINATE PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISS WITH PREJUDICE AND MOTION REQUESTING AN ORDER REQUIRING PLAINTIFF TO APPEAR AND SHOW CAUSE**

COMES NOW Scott Hinckley, *pro per*, a named but not yet served defendant in this case, having appeared specially and without conceding or waiving any right to include, without limit, any right of jurisdiction, venue, due process, or service of process, and hereby replies to Plaintiff's "Response to Defendant Edgren's and (by adoption) Scott Hinckley's Motion to Terminate Plaintiff's *in forma pauperis* (IFP) Status and Dismiss with Prejudice and Motion Requesting an Order Requiring Plaintiff to Appear and Show Cause" (ECF 28).

### DISCUSSION

Plaintiff's reply is primarily composed of two things: 1) impertinent attacks on the character of Defendant David Edgren, and 2) objections to a retired lawyer negotiating a settlement for himself, using the skills and protocols learned from his long experience as a

practicing attorney. The remainder of the Plaintiff's reply (at least the parts that are not immaterial) is, in fact, an admission of the alleged facts from Defendant Edgren's motion (ECF 19), to wit: that the Plaintiff failed to properly inform the court of Plaintiff's initial financial status and failed to keep the court informed of changes to Plaintiff's financial status, as required by law, both of which are grounds to terminate his IFP status. The Plaintiff does not refute the issues raised in the referenced motion (ECF 19) – in fact, he asserts them.

Plaintiff's improper pleading begins in the very first paragraph, where he disparages Defendant Edgren without citing any facts to support his claim. This is a clear violation of the Federal Rules for Civil Procedures (FRCP) 12(f), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's statement is obviously impertinent, if not scandalous. Nowhere in this attack does Plaintiff address any issue before the court – it is simply an attack on the character of a defendant, and as such, this Court should be offended. For this transgression alone, the Plaintiff's reply should be disregarded by the court.

Plaintiff then proceeds in the next 4 paragraphs (¶2 to ¶5) to make an unfounded accusation of extortion by Defendant Edgren. A simple reading of the text included in Plaintiff's response will show what are civil, and matter-of-fact, negotiation positions by Defendant Edgren, and nothing more. Nothing in these paragraphs is a substantive discussion of the issues in the motions.

The next three paragraphs (¶6 to ¶8) are simply the Plaintiff complaining that he was not able to make any progress in his negotiations with Defendant Edgren. This is immaterial – it is not a concern of the court.

Paragraph ¶9 is an admission by the Plaintiff to the alleged facts of the Defendants' Motion to Terminate Plaintiff's IFP Status. The Plaintiff fails to acknowledge and/or refute the allegation, based on Plaintiff's own admission (see ECF 19, Exhibit D), that he was receiving income from his stepson that he did not declare on his IFP request. Plaintiff

admits he has or will have disposable assets, in terms of a car which he originally planned to sell, but now plans to give away, and an expected insurance payment of $15,000. He was aware of the first fact at the time he filed for an IFP status; he failed to report the other changes to his status to this Court as they became known, even while he was discussing them on social media – he is admitting to defrauding this court. In this paragraph, the Plaintiff is attempting to acknowledge his perjury to the court and make it go away by simply offering to pay the initial filing fee.

Paragraph ¶10 is a return to violations of FRCP 12(f), with another impertinent claim of extortion, and immaterial discussion of an issue the Plaintiff has with the Social Security Administration. The Plaintiff concludes this paragraph with an attempt to garner sympathy for himself with his claim that "it is true that Plaintiff suffers from some minor executive dysfunction, very minor cognitive difficultie, (sic) and impulse control problems". All of this is immaterial to the matters at hand.

Paragraph ¶11 attempts to ignore an important fact outlined in Defendant's motion, in that Plaintiff's IFP status would allow Plaintiff to sue multiple defendants "on the cheap", and without any regard for the financial cost a non-IFP plaintiff must consider. The dollar amount at stake here is significantly more than $400. The cost of initial service on the named defendants alone by the U.S. Marshals is a significant sum. As discussed in Defendant's Motion to Dismiss, Page 12, footnote 9, the Plaintiff's IFP status shields him from Security of Costs, a significant cost that the Plaintiff would otherwise have to bear up front. Plaintiff ignores all these points in his response. Also, the Plaintiff, while labeling the defendant's allegations that Plaintiff is trying to avoid paying substantial fees in the prosecution of this case as "ludicrous, ridiculous, and insulting", fails to actually deny the allegation. As such, this paragraph has no relevant discussion of the issues.

Paragraph ¶12 returns to the Plaintiff's issues with managing a *pro se* filing, by stating that the defendants "throw around confusing allegations and charges that this pro-se Plaintiff can barely keep straight in his mind." Defendants would like to remind the Plaintiff and this Court that Plaintiff started this suit, and it is at his request that he is

attempting to add defendants. Being confused by legal processes and procedures and poverty are two distinct things. In the response he has filed, he admits to the former, and disproves the latter. As for his new allegation of "their constant blaspheming of the memory of the Plaintiff's wife", the defendants would point out that blasphemy lies outside the subject matter jurisdiction of this Court. All of this is immaterial to the matters before the court with regard to the Defendants' motions.

## CONCLUSION

WHEREFORE, the Plaintiff's response fails to refute or excuse, and in fact confirms, the issues raised in the defendant's motion, Defendant Hinckley asks the Court to reject any and all assertions made the by Plaintiff in his response, and GRANT the relief sought by Defendants' Edgren and Hinckley in their motions: to TERMINATE Plaintiff's IFP status, REQUIRE the Plaintiff to appear and show cause, and to DISMISS the instant case with prejudice.

Date: 29 July, 2015

Respectfully submitted,

Scott Hinckley
31 Lawton Road
Shirley, MA 01464
(978) 425-4427
sjhinckley@comcast.net

## CERTIFICATE OF SERVICE

I certify that on the 29th day July 2015, I served a copy of this Motion on William M Schmalfeldt by First Class U.S. Mail

*Scott Hinckley*