# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PATRICK G. GRADY, et al, ) | |
| ) | |
| Defendants. ) | Civil Action No. 1:15-cv-01241 RDB |
| ) | |

## ORDER ON
## MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
## AND TO RESCIND SUMMONSES
## [ECF 17]

THE COURT, having considered the motion by Defendant David Edgren, who has not yet been served but who has appeared specially before the court *pro per*, to strike Plaintiff's amended complaint at ECF 13 (hereinafter, the "Amended Complaint") and to rescind the summonses issued thereby, and Plaintiff's response and said defendants' reply, and having thus become fully informed in the premises of the matters raised in the motion, now makes and enters the following findings of fact and conclusions of law:

### FINDINGS AND CONCLUSIONS

1.  Plaintiff filed the Amended Complaint on June 2, 2015, outside of the time frame established in Fed. R. Civ. P (hereinafter, "FRCP") 15(A)(1)(b) for such a filing to be made as

a matter of course, in that Defendant Patrick Grady had previously filed a motion to dismiss under FRCP 12(b) on June 15, 2015. *See* ECF 9.

2. The Clerk's Office, after requiring Plaintiff to correct a deficiency in his filing, *viz*: to submit the "redline" copy of the Amended Complaint required by the District's Local Rule (hereinafter, "LR") 103.6c), accepted the Amended Complaint on July 6, 2015, and issued the summonses for two of the six new defendants added by Plaintiff in the Amended Complaint.

3. Plaintiff did not comply with a number of provisions of the FRCP and LR when he filed the Amended Complaint, to include:

   a. FRCP 15(a)(2), which required Plaintiff to either secure Defendant Grady's consent to the filing of the Amended Complaint or, in the event such consent was not forthcoming, file a motion seeking leave of this court to file the Amended Complaint.

   b. LR 103.6, which requires certification to this court of Plaintiff's efforts to secure Defendant Grady's consent (LR 103.6d)) and the filing of a motion for leave (Rule 103.6a))

4. The Clerk's Office failed to require Plaintiff to comply with the requirement under FRCP 15(a)(2) and LR 103.6(a) that the Amended Complaint be submitted by Plaintiff with a motion for leave to file.

5.  The Clerk's Office also failed to follow LR 103.2d), in that it did not first obtain an order of the court authorizing issuance of the summonses. Compliance with this rule by the Clerk's Office almost certainly would have disclosed Plaintiff's failure to seek leave.

6.  The failures of Plaintiff and the Clerk's Office to follow the various rules were not the failure to observe mere formality. Among the consequences resulting from the failures are:

    a.  The court was denied the opportunity to have considered the cause that would have been advanced for the court to accept the Amended Complaint by Plaintiff in a motion for leave to file it, along with such objection and other matters as would have been raised by Defendant Grady had he had the opportunity to file a response to the Plaintiff's motion, and this denial resulted in the failure of the court to so become fully informed as to whether leave should have been granted Plaintiff to file the Amended Complaint.

    b.  Defendant Grady was denied the right afforded him under the rules to make an objection to the granting of a motion for leave of court filed by Plaintiff, and to assert in a response his cause for the motion to be denied.

    c.  Subpoenas were improvidently issued by the Clerk's Office and the U.S. Marshals' service had, based on Plaintiff's *in forma pauperis* status, to devote time and resources to in seeking to serve those subpoenas.

HAVING MADE AND ENTERED its Findings of Fact and Conclusions of Law, and based upon same, NOW; THEREFOR

## ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. The motion by Defendant Edgren to strike the Amended Complaint is GRANTED, and the Clerk's Office is directed to STRIKE that pleading from the docket.

2. The summonses issued by the court pursuant to the Amended Complaint are RESCINDED, and are ordered to be returned to the Clerk's Office.

3. The U.S. Marshals' Service is ordered to STAND DOWN all efforts to serve defendants in this case and to return all unserved process to the Clerk's Office.

4. To such extent as any defendant newly named in the Amended Complaint shall have been served with a summons issued thereby, such service is VOID AND WITHOUT EFFECT as being improper and not made in accordance with the rules of this court.

5. Plaintiff is ADMONISHED to comply with the Federal Rules of Civil Procedure and with this court's Local Rules at all future times.

ENTERED _____ day of _____, 2015.

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE