IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| William M. Schmalfeldt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: No. 1:15-cv-01241-RDB |
| | ) | |
| Patrick G. Grady et al, | ) | |
| | ) | |
| Defendants | ) | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER
## FED. R. CIV. P. 12(B)(2)

NOW COMES Defendant Patrick G. Grady, without waiving any rights of jurisdiction, notice, process, service of process, or venue, and hereby submits this Reply to Plaintiff's Response (ECF 27) (the "Opposition") to Defendant's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction. In support of same, Mr. Grady states:

By now, it is clear that Plaintiff simply fails to understand what personal jurisdiction is, what subject matter jurisdiction is, or what his responsibilities are as a Plaintiff. Because of these fundamental breakdowns, Plaintiff has failed multiple times to properly address the arguments in Mr. Grady's motion to dismiss, let alone refute them.

At ¶¶ 1 and 5-6 of the Opposition, Plaintiff incorrectly claims that Mr. Grady is overdue in filing an answer to the original complaint. On page 5 he asks for a default judgment against Mr. Grady, using the incorrect description "summary judgment." Your Honor does not need to be told Plaintiff is wrong. Under the rules, both the Motion to Dismiss the Original Complaint (ECF 7) and the Motion to Dismiss the Amended Complaint (ECF 21) are sufficient responses at this stage.

- 1 -

At ¶¶ 2-3 of the Opposition, Plaintiff seems to be arguing that under Fed. R. Civ. P 4(k)(1) the only requirement for this court to gain personal jurisdiction over Mr. Grady is for Plaintiff to successfully affect service on him. Plaintiff is wrong. A showing is still required.

To the extent that ¶ 3 of the Opposition minimally attempts to address any of the factors needed to establish personal jurisdiction, it focuses on an irrelevant fact: that Mr. Grady's pleadings were delivered by a Marylander. The pleadings must be delivered to the Court somehow, and whether the U.S. Postal Service, a professional courier, or a trusted friend makes the delivery, a Maryland resident is almost sure to be involved. Plaintiff is arguing, *reductio ad absurdum,* that *because he filed this lawsuit* and because Mr. Grady *responded by challenging personal jurisdiction,* the court has personal jurisdiction over him. The very idea that by defending himself from this lawsuit Mr. Grady creates the means by which jurisdiction may be exercised is simply ridiculous.

Plaintiff has attached as Exhibit C an alleged copy of a Copyright Registration. First, it is improper to consider it. Plaintiff has now submitted two Complaints—even though one was improper (and unopposed motions to strike are now ripe for ruling), and this allegation was not present in either one. Second, the exhibit is unsworn, unverified, and altered to an unknown degree; therefore, it is not authenticated. Third, it is not relevant. Plaintiff states that it lists Paul Krendler's "home address" in Maryland, and since Plaintiff believes (in spite of a lack of evidence) that Mr. Grady is "Paul Krendler," he apparently is asserting Mr. Grady actually lives in Maryland. If true, this would destroy subject matter jurisdiction. However, it is not true; nothing on the form represents that this is anything more than a mailing address for future notices from the Copyright Office. That allegation, even if it were improperly considered, is not enough to establish jurisdiction.

At ¶ 4 Plaintiff claims that this court has personal jurisdiction under 28 U.S.C § 1332, another example of his confusion between personal jurisdiction and subject matter jurisdiction. Your Honor does not have to be reminded Plaintiff is wrong.

At ¶ 8 Plaintiff argues that his Amended Complaint (ECF 13) somehow relates back to the filing date of the original complaint (ECF 1), nullifying the requirement that he should have either timely filed the amendment or sought leave from the Court to do so according to Fed. R. Civ. P 15(a).  He is misinformed.  The doctrine of relation back for amended pleadings has nothing to do with the time required to amend; it is concerned only with the statute of limitations on the law governing the claims.  The amended complaint does not relate back in the sense that Plaintiff asserts it does.  The amended pleading is absolutely subject to the requirements of timeliness and of requesting both Mr. Grady's consent and proper leave from the Court prior to filing.  Plaintiff has met none of these obligations.  Plaintiff's argument is wholly erroneous and should be disregarded as such.  The amended complaint is untimely.  As Mr. Grady noted in his Motion to Strike (ECF 16), it is also futile because it fails to establish personal jurisdiction.  It was accepted by the clerk without leave from this Court and without consent from Mr. Grady; therefore, it should be stricken or dismissed.

In ¶¶ 9-10, Plaintiff recites a portion of the Maryland Long Arm Statute (MD. CODE CTS. & JUD. PROC. § 6-103), and then adds:

> Defendant Grady must have overlooked the portion of the statute that says "If jurisdiction over a person is based **solely** upon this section..." (emphasis added)[.]  Plaintiff has shown that this Court has Subject Matter Jurisdiction, Venue and Personal Jurisdiction.

First, Plaintiff seems to believe that if this Court has subject matter jurisdiction or if this Court is the appropriate venue, that it also has personal jurisdiction. Mr. Grady does not have to tell Your

- 3 -

Honor that Plaintiff, once more, is wrong.  Second, personal jurisdiction over non-residents is shown by *complying* with this statute, not *as an alternative to doing so*—another point this Court doesn't have to be told.

Next, in ¶ 4 Plaintiff argues "Defendant Grady's assertion that the amended complaint destroys subject matter jurisdiction [because he has included anonymous defendants] is not supported by law." Actually, it is supported by law.  First, it is elementary that the Plaintiff bears the burden of alleging and, if necessary, proving that subject matter jurisdiction exists. *United States v. Alpharma, Inc.*, 928 F.Supp.2d 840, 848 (D. Md., 2013).   Plaintiff admits that he doesn't know where all of the Defendants are domiciled, but he doesn't believe his ignorance is an obstacle to jurisdiction.  This is contradicted by *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132-33 (D.D.C. 2009), which says that "[t]he law is clear, however, that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists." Plaintiff cannot allege that jurisdiction exists, unless he can state where each Defendant is domiciled.

In his Conclusion to the Opposition, Plaintiff makes three requests of this Court.  All three requests are erroneous and should be rejected.  First on page 5, he asks this court to "DENY the DENY [sic] Defendant Grady's Motion to Strike Plaintiff's First Amended Complaint." Given the title of his pleading, Plaintiff was supposed to be filing an opposition to Mr. Grady's Motion to *Dismiss.* As such, he has provided no excuse for his failure to comply with Fed. R. Civ. P. Rule 15's requirements, and he has not explained why amendment at this time would not be futile.  Second, Plaintiff requests a show cause hearing requiring Mr. Grady to incur the inconvenience and expense of a trip to Maryland to explain whether someone wrote Mr. Grady's filings for him.  Your honor does not need to be told that more is required for a

show cause than wishful suspicions[1]—some evidence is required. Finally, as noted above, Plaintiff asks relief in the form of a "summary judgment" based on his incomplete understanding of the rules of pleading. While the request should be for a default judgment, even that is inappropriate.

In summary, Plaintiff's requests to this court rest neither in law, evidence, nor even in logic.

## CONCLUSION

Plaintiff's Opposition has offered no reason why this court should find that it has jurisdiction over the subject matter of this litigation or personal jurisdiction over Mr. Grady. He has alleged far less toward establishing personal jurisdiction over any other Defendant.

---

[1] The basis of Plaintiff's request is his empty supposition that non-parties to this lawsuit, Mr. W.J.J. Hoge III or Mr. Aaron Walker, may have written filings for Mr. Grady because they delivered these filings. In ¶ 11, Plaintiff wonders why Mr. Hoge has hand-delivered these filings. In doing so he apparently assumes (without evidence) that Mr. Grady mails these documents to Mr. Hoge, and that Mr. Hoge then drives all the way to the Baltimore courthouse to file them. Both of these assumptions are wrong.

In truth, Mr. Grady writes, proofreads and corrects his own pleadings. He signs them, scans them electronically and emails them to Mr. Hoge, who in turn prints them for filing. Upon information and belief, Mr. Hoge is employed at the Goddard Space Flight Center, less than six miles from the Federal Courthouse in Greenbelt, Maryland. Mr. Hoge delivers the pleadings, free of charge, to the Greenbelt Courthouse, and then they are transferred to the Courthouse in Baltimore. This has several advantages over the U.S. Mail: it is faster, cheaper, more secure, and more convenient.

Plaintiff's evidence-free suggestion that Mr. Hoge and/or Mr. Walker write Mr. Grady's pleadings is another example of the wild conspiracy theories he conjures. *See* ECF 12. The true reason is simple: upon information and belief, both men attended a hearing at the Montgomery County Circuit Court, and Mr. Walker carpooled with Mr. Hoge. After the hearing, Mr. Hoge delivered the motion to the Greenbelt Courthouse, and Mr. Walker accompanied him. From the simple fact that Mr. Walker tagged along, Plaintiff fantasizes that this is proof Mr. Walker wrote Mr. Grady's motion to dismiss. If Mr. Grady had sent it through the U.S. Mail, would Plaintiff be accusing the letter carrier of writing it?

Accordingly, and in the name of judicial economy, this court should dismiss all claims as to all defendants, for lack of personal jurisdiction or subject matter jurisdiction.

WHEREFORE, Mr. Grady asks the Court to DISMISS the Amended Complaint with respect to all defendants;

FURTHERMORE, Mr. Grady now asks the Court to DISMISS WITH PREJUDICE the Original Complaint to such extent that Plaintiff's Amended Complaint is struck based on my previous motions or a motion filed by other defendants. *See* ECF 16 and 17;

FINALLY, Mr. Grady asks the Court for all other such relief as it may deem just and proper.

Date:  August 4, 2015                                    Respectfully submitted,

Patrick G. Grady, *pro se*
1103 Chesapeake Court
Palatine, IL 60074
(847) 269-6948
Patrick.G.Grady@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on August 4, 2015, I served a copy of this Motion on William M. Schmalfeldt by First Class U.S. Mail.

Patrick G. Grady