IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 1:15-cv-01241-RDB |
| PATRICK G. GRADY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# DEFENDANT'S OPPOSITION TO
# PLAINTIFF'S MOTION TO DISMISS

COMES NOW Scott Hinckley, *pro per*, a named but not yet served defendant in this case, having appeared specially and without conceding or waiving any right to include, without limit, any right of jurisdiction, venue, due process, or service of process, and hereby replies, in opposition, to Plaintiff's "Motion to Dismiss" (ECF 35).

## FACTUAL BACKGROUND

Plaintiff, a resident of the state of Maryland, commenced this litigation by filing his original complaint (hereinafter, "Complaint"), against a single defendant (Defendant Grady), on April 29, 2015 (ECF 1). With the Complaint, Plaintiff filed an *in forma pauperis* (hereinafter, "IFP") motion, alleging that he was indigent (ECF 2). On May 5, 2015, the court granted this IFP motion. Following the approval of Plaintiff's IFP status, the court issued a summons for the original defendant, which was served by the U.S. Marshals Service and returned as served on May 20, 2015 (ECF 5-6). Defendant Grady filed a motion to dismiss (ECF 7, hereinafter,

"Motion to Dismiss") on June 9, 2015, and it was fully briefed by June 29, 2015 (ECF 9-12). On July 2, 2015, Plaintiff attempted to file an amended complaint (hereinafter, "Amended Complaint") adding named Defendants Edgren and Hinckley and four other pseudonymous defendants (ECF 13), and the clerk issued summonses for the newly named defendants (ECF 15). Defendants Grady and Edgren have both filed motions objecting to the acceptance of the Amended Complaint, and asking that it be struck (ECF 16-17). Defendant Edgren also filed a motion on July 7, 2015 to Terminate the IFP Status of the Plaintiff, to Show Cause as to why the Plaintiff should not be sanctioned, and a Motion to Dismiss with Prejudice (ECF 19, hereinafter, "Motion to Terminate"), based on allegations that the information provided as the basis of, and to maintain, the IFP status was willfully incorrect. Defendant Hinckley filed a Motion to Join Defendant Edgren's motion (ECF 24) on July 21, 2015. The Plaintiff filed a Response (ECF 28) on July 23, 2015, and Defendants Edgren and Hinckley have filed Replies to the Response (ECF 31 & 32) on July 28, 2015 and July 30, 2015, respectively. There are now several motions awaiting a ruling in the instant case, and the Plaintiff has now filed a Motion to Dismiss (ECF 35); this response is being filed to that motion.

**ARGUMENT TO DENY MOTION TO DISMISS**

While it is unusual for a defendant to oppose a plaintiff's Motion to Dismiss, this Defendant does not believe granting this motion serves the best interests of justice, this Court, or the Defendants. A court would normally grant such a motion as it would allow the most expeditious resolution of a case. However, there are issues pending in the outstanding motions in this case, several of which this Court should resolve. First, granting this motion would appear to violate Federal Rules of Civil Procedure (FRCP) 41 – specifically FRCP 41(a)(1)(A)(i), as

Defendant Edgren's Motion to Terminate would be, via FRCP 12(d), considered a motion for summary judgment, preventing a plaintiff from dismissing an action without a court order. Another issue is whether the Plaintiff has perpetrated a fraud upon this Court with his IFP motion when he failed to disclose certain financial resources at his disposal at the time, and whether he lied to the court when he signed a declaration "under penalty of perjury that the information is true." A related issue, especially to the defendants, is that the Plaintiff has been using his IFP status to shield himself from the real costs and consequences of his actions – he has not paid for a filing fee, for summons service, or this District's LR 103.4 Security of Costs. He believes he can now simply say "Never mind" and walk away, after costing the defendants hundreds of hours of time (as all named defendants are *pro se*) and untold dollars in costs in defending themselves, as well as taxpayer dollars in terms of both the U.S. Marshals Service and this Court's time and effort. Finally, the Defendants have not yet been afforded the opportunity, or been required, to file any counterclaims in this suit. If the Plaintiff wishes to dismiss all his claims, he may do so, but the action should remain open long enough to provide the opportunity for the Defendants to file all their claims, as is their due. This Defendant, for one, is preparing a counterclaim, and will file it at the earliest opportunity. For all these reasons, the Defendant requests that this Court Deny the Plaintiff's Motion to Dismiss.

## DISCUSSION RE FRCP RULES

FRCP 41(a)(1)(A)(i) states a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;". No answers to the Plaintiff's claims have been filed yet, however, Defendant Edgren's Motion to Terminate (ECF 19) qualifies as a motion for summary

judgment. This is based on FRCP 12(d), which states: "Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." As the matters presented in ECF 19 are outside the matters defined in all of Rule 12(b), and have not been excluded by this Court, the Motion to Terminate must be considered a motion for summary judgment. As the Motion to Terminate was filed well before the Plaintiff's current Motion to Dismiss, FRCP Rule 41(a)(1)(A)(i) applies. As such, this Court should Deny the Plaintiff's Motion to Dismiss, and address the Motion to Terminate. This is further discussed in the next section.

### DISCUSSION RE IFP STATUS

The basic issues of the Plaintiff's IFP request and status are explained in Defendant Edgren's Motion to Terminate (ECF 19). By comparing the IFP request in the instant case with a previous IFP request by the Plaintiff that was denied, it is clear that there was almost no change in the financial circumstances of the Plaintiff, and therefore the current IFP request should have been denied as well. As was alleged in the motion, there is information (supported by the Plaintiff's own utterances) that the Plaintiff did not disclose additional income he was receiving from his step-son, in terms of rent being paid, that would have surely caused the IFP request to be denied. Finally, as was also alleged in the motion, the Plaintiff has not kept the court informed of changes to his financial situation, which is a requirement. The Plaintiff, in his Response (ECF 28), failed to refute, or even address, these allegations – in fact, he admits to the basic truths of them, and tries to sweep the whole issue under the rug by offering to only pay the

initial filing fee – a small part of the true costs. The Defendants' replies to the response (ECF 31 & 32) pointed out the deficiencies of the Plaintiff's Response.

A plaintiff's IFP status is a privilege, not a right. Such a privilege shields a litigant from significant financial costs that influence others that do not have this privilege. The granting of an IFP status based on fraudulent information is a serious matter for the court, and a serious abuse of the privilege. As was well argued in ECF 19, some courts have found this to be grounds for dismissal with prejudice. As was also argued in ECF 19, this Court should order the Plaintiff to appear and show cause as to why he should not be sanctioned for this fraud. By simply granting the Plaintiff's Motion to Dismiss, the court would be ignoring this abuse and misuse of its processes and procedures, and would be letting the Plaintiff get away with cheating the court – that should not be allowed to happen. For this reason, this Court should Deny the Plaintiff's request.

## DISCUSSION RE COSTS

Because of the Plaintiff's IFP status, he felt free to attempt to add defendants in the hopes of finding someone he could easily win a judgement against. He is under the mistaken belief that adding defendants is free – it isn't, it is just free to him. Both the Court and the U.S. Marshals Service must expend significant resources with each added (named) defendant. In addition, as was discussed in ECF 19, the defendants are prevented from asking for a bond to guarantee their costs because of the IFP status, as would normally be their right under LR 103.4 Security of Costs. A plaintiff can cause serious costs for defendants, and then simply give up the suit (which is exactly what would happen in the instant case if the Plaintiff's Motion to Dismiss is granted), and the Defendants are left with the financial burden. The fact that these

costs, for both the Defendants and this Court, are not being placed on the Plaintiff, as they would be without an IFP status, means this suit should not be dismissed until the issue of the IFP status and any reimbursements to this Court or Defendants is resolved. For this reason, this Court should Deny the Plaintiff's request.

## DISCUSSION RE DEFENDANTS' COUNTERCLAIMS

The instant case is still in the early stages, with motions being filed for dismissal based on reasons defined in FRCP 12(b) and other reasons, and responsive pleadings and counterclaims from the Defendants are not yet required or appropriate. The Plaintiff seems to have not even considered that counterclaims would result from his actions. But now that the Plaintiff is seeing a vigorous defense from the Defendants, this realization has dawned on him, and he is attempting to avoid the consequences of his actions by dismissing the suit before the Defendants have their opportunity to respond. If the instant case were to proceed, it is a surety that one or more of the Defendants will file counterclaims - this Defendant will. To grant the Plaintiff's current Motion to Dismiss would severely impact the Defendants' ability to seek redress in this matter. This is especially true as the Plaintiff's behavior outside the view of the court has been exceptionally discourteous and abusive towards the Defendants, and in some cases has even done so in pleadings with this Court, and is the basis for a strong case of defamation and harassment. If the Plaintiff is weary of proceeding with the action, the court should allow him to dismiss all his claims, but it should leave the action open for a limited time so that the Defendants can file their counterclaims.

## CONCLUSION

I hereby move that the Honorable court DENY the Plaintiff's Motion to Dismiss, for the reasons as stated above, as granting such action would not be in the best interests of justice, this Court, and the Defendants.

As an alternative, if this Court so wishes, I hereby move that the Honorable court GRANT the Plaintiff's request to Dismiss all of his claims, but DENY the Dismissal of the suit, allowing a reasonable time for the Defendants to file any appropriate counterclaims.

DATED at Shirley, Massachusetts, this 17th day of August, 2015.

Scott Hinckley, *pro per*
31 Lawton Rd.
Shirley, MA 01464
(978) 425-4427
sjhinckley@comcast.net

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. SCHMALFELDT,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK G. GRADY, et al,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:15-cv-01241-RDB<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

COMES NOW Scott Hinckley, *pro per*, a named but not yet served defendant in this case, having appeared specially and without conceding or waiving any right to include, without limit, any right of jurisdiction, venue, due process, or service of process, and by my signature affixed to this document below hereby certifies that, on the 17th day of August, 2015, I served a true and correct copy of my Opposition To Plaintiff's Motion to Dismiss and this certificate of service filed with the court on Plaintiff to his residence address at 6636 Washington Blvd., Lot 71, Elkridge, MD 21075 by personally placing same in the First Class mail of the United States Postal Service with proper postage affixed.

DATED at Shirley, Massachusetts, this 17th day of August, 2015.

Scott Hinckley, *pro per*
31 Lawton Rd.
Shirley, MA 01464
(978) 425-4427
sjhinckley@comcast.net